Christine Denese FIELDS, Appellant,

v.

The STATE of Texas, Appellee.

Phyllis Ann PETERSON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 51941, 51942.

Court of Criminal Appeals of Texas.

Dec. 8, 1976.

Donald W. Rogers, Jr., Houston, court appointed on appeal, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Marshall M. Arnold, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION ON APPELLANTS' MOTION FOR REHEARING

ONION, Presiding Judge.

Our prior opinion on original submission is withdrawn.

The appellants were jointly tried for the Class B misdemeanor offense of intentional-

ly fleeing a peace officer attempting to lawfully arrest them. See V.T.C.A., Penal Code, § 38.04 (Evading Arrest). Upon conviction by a jury of each appellant the court assessed appellant Fields' punishment at thirty (30) days in jail and appellant Peterson's punishment at sixty (60) days in jail. On appeal both assert identical grounds of error.

■ Initially it is asserted that the evidence is insufficient to support the convictions in that the State failed to prove that probable cause existed for appellants' arrest, "and that said arrest was 'lawful' as alleged in the information."

Each information, omitting the formal parts, alleged that each of the appellants "on or about September 3, 1974, did then and there unlawfully intentionally flee from Sgt. J. W. Kunkel, hereafter styled the Complainant, a peace officer *lawfully* attempting to arrest the Defendant, knowing that the Complainant was a peace officer." (Emphasis supplied.)[1]

Sgt. J. W. Kunkel, a police officer attached to the Houston City Vice Squad, testified that while on duty about 2:45 a. m. on September 3, 1974, he observed both appellants "flagging cars" in the 2300 block of Dowling Street, an area frequented by prostitutes plying their trade. He related that he knew the appellants as he had arrested them for prostitution on numerous occasions and was known to both of them. He stated it was his experience that both appellants were inclined to run to avoid arrest so he radioed for assistance. He had two officers station themselves at the end of an alley that ran off Dowling Street and obtained a vice officer to assist him. Kunkel and his companion both dressed in mufti and in an unmarked police car kept the appellants under surveillance for 15 or 20 minutes and thereafter observed the appellants were successful in going into the street and "flagging down" a car containing two men. As the appellants were talking to the men in the car stopped in the street, Kunkel and his companion approached in the unmarked police vehicle which had been used in previous arrests of the appellants. Kunkel's companion jumped out and yelled, "Police Officer." One of the appellants said, "Vice Officers—let's get out of here." Both appellants ran down the alley, where they were arrested by the waiting officers.

Article 14.03, Vernon's Ann.C.C.P., provides:

"Any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

V.T.C.A., Penal Code, § 43.02 (Prostitution), provides in part:

"(a) A person commits an offense if he knowingly:

"(1) offers to engage, agrees to engage, or engages in sexual conduct in return for a fee payable to the actor; or

"(2) solicits another in a public place to engage with him in sexual conduct for hire. . . ."

Article 6701d, § 81(c), Vernon's Ann.C.S., provides:

"No person shall stand in a road for the purpose of soliciting a ride, contributions,

---

1. V.T.C.A., Penal Code, § 38.04, provides:
 "(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.
 "(b) *It is an exception to the application of this section that the attempted arrest is unlawful.*
 "(c) An offense under this section is a Class B misdemeanor." (Emphasis Supplied.)
 V.T.C.A., Penal Code, § 2.02 (Exception), provides:

"(a) An exception to an offense in this code is so labeled by the phrase: 'It is an exception to the application of . . . .
"(b) The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.
"(c) This section does not affect exceptions applicable to offenses enacted prior to the effective date of this code."

employment or business from the occupant of any vehicle."

In the instant case the appellants who had been arrested for prostitution by Officer Kunkel on numerous occasions were observed by the officer in an area frequented by prostitutes in the early morning hours "flagging cars." After making the arrangements with the other officers above described, Kunkel observed the appellants go into the public street and successfully "flagging down" an automobile containing two men whom they engaged in conversation. Under the circumstances, the officer clearly had probable cause to arrest without a warrant the appellants for violating Article 6701d, § 81(c), supra. In view of the appellants' numerous arrests for prostitution by the officer involved, there was probable cause for the officer to believe that appellants were flagging the cars for the purpose of soliciting business from occupants of such vehicles in appellants' business of prostitution. We conclude the State sufficiently proved that Officer Kunkel was "lawfully attempting to arrest" at the time of the flight of both appellants. Considering the jury's verdict in the light most favorable thereto, we find the evidence sufficient to support the verdict.[2]

Lastly appellant complains that the trial court "committed fundamental error by failing to instruct the jury on the law applicable to the fact question of whether J. W. Kunkel was lawfully attempting to arrest the" appellants.

The court applied the law to the facts and instructed the jury that before they could convict the appellants they must find that Officer Kunkel was lawfully attempting to arrest the appellants. There was no objection to the charge or any request for a special requested charge. See Articles 36.14 and 36.15, Vernon's Ann.C.C.P. The undisputed evidence showed probable cause for the warrantless arrests. The lawfulness of the arrests was not a contested issue. In absence of a timely objection to the charge or a special requested charge, no error is reflected. It cannot

be said that the failure of the court to charge sua sponte as the appellants now contend was calculated to injure the rights of the appellants nor were they deprived of a fair and impartial trial. See Article 36.19, Vernon's Ann.C.C.P.

The judgments are affirmed.

---

2. At no time during the trial did the appellants challenge probable cause to arrest.