Lewis Edward BLACKMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 60684.

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 2, 1983.

Ted Redington, Dallas, for appellant.

Henry Wade, Dist. Atty., John G. Tatum, William M. Fry, Jr., Martin LeNoir, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, W.C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for evading arrest. V.T.C.A., Penal Code, Section 38.04. Punishment was assessed at six months' confinement and a $120.00 fine.

In his first ground of error appellant maintains that the evidence is insufficient to prove that appellant was evading a *lawful* arrest. The information in the instant case reads as follows:

"NOW COMES THE CRIMINAL DISTRICT ATTORNEY OF Dallas County, State of Texas, and presents in and to the County Criminal Court 7 of Dallas County, State aforesaid, that one Lewis Edward Blackmon, hereinafter styled Defendant, heretofore, on or about the 25 day of October A.D., 1977 in the County of Dallas and State of Texas, did unlawfully then and there intentionally flee from J.E. Martindale, hereinafter called Complainant, while Complainant was lawfully attempting to arrest the defendant, and that the said defendant knew the said complainant was a peace officer, attempting to arrest the said Lewis Edward Blackmon."

The facts show that Randall Eubank, a plainclothes security guard for the downtown Sanger Harris Department Store in Dallas observed appellant shoplift a ladies' pant suit from the store. Eubank followed appellant outside the store. When he approached appellant, appellant took off running. Meanwhile, Officers Jack Martindale and J.C. Clark of the Dallas Police Department were patrolling on Akard Street in the downtown area, looking for two armed robbery suspects. As they patrolled, they saw Eubanks follow appellant out of the store and chase the appellant north on Akard Street. Appellant was carrying a shopping bag. At about the same time, they received a radio message from the police dispatcher that a Sanger Harris security guard was chasing a shoplifting subject going north on Akard. The officers joined in the chase by pursuing appellant in their car. They turned on their red light and used their P.A. system to order a car blocking

their path to get out of the way. The P.A. system was also used in an effort to get appellant to stop fleeing. Appellant dropped the shopping bag but kept on running, looking back in the direction of Martindale and Clark several times. When the officers reached Field Street, they abandoned their car and began chasing appellant on foot. Both officers testified that the appellant would run for a distance, stop to look back at them and then begin running again. On several occasions during the chase, the officers hollered at appellant to stop. Eventually, appellant ran into a garage where the officers found him hiding behind a car. He was then taken into custody.

The court instructed the jury on the circumstances under which an arrest would be lawful pursuant to Article 14.03, V.A.C. C.P., as it existed at the time of the offense:

"Our laws further state that any peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the laws."

Appellant argues that Officer Martindale did not have sufficient information to authorize a legal arrest of appellant under the court's charge.

We believe the evidence was sufficient to prove that Officer Martindale was lawfully attempting to arrest appellant. The officers had received a radio dispatch that a Sanger Harris security guard was chasing a shoplifting suspect. They observed Eubanks, the security guard, chase appellant out of the Sanger Harris store, going in the same direction as reported by the police dispatcher. They saw appellant drop the shopping bag he was carrying as he ran from the store. Although this information may not have been sufficient to constitute probable cause, the officers clearly had enough information to conduct an investigatory stop. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967).

Police officers are not required to shrug their shoulders and permit crime to occur and criminals to escape, even when probable cause to arrest or search does not exist. However, the law enforcement officer must have specific articulable facts which, in light of his experience and personal knowledge, together with other inferences from those facts would reasonably warrant the intrusion on the freedom of the citizen detained for further investigation. There must be a reasonable suspicion by the law enforcement officer that some activity out of the ordinary is or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime. *Armstrong v. State,* 550 S.W.2d 25 (Tex.Cr. App.1977) (on rehearing). Once the officers stopped appellant and talked to the security guard, they were in possession of sufficient information to take appellant into custody. Thus, the evidence is sufficient to show a lawful arrest. See *Hamel v. State,* 582 S.W.2d 424 (Tex.Cr.App.1979); *Calhoun v. State,* 466 S.W.2d 304 (Tex.Cr.App.1971). Appellant's first ground of error is overruled.

In his second and third grounds of error, appellant complains that the trial court's charge did not properly apply the law of arrest to the facts of the case. As noted above, the abstract portion of the charge instructed the jury on the circumstances under which an arrest would be lawful pursuant to Article 14.03, V.A.C.C.P. The abstract portion of the charge also instructed the jury that an exception to the application of the law of evading arrest occurred if the attempted arrest was unlawful. Appellant requested the following instruction in the application paragraph:

"Now, bearing in mind the foregoing instructions, if you do not believe from the evidence beyond a reasonable doubt that Officer Martindale found the Defendant, Lewis Blackmon, in suspicious places and under circumstances which reasonably show that he was guilty of some felony or breach of peace, or threatened or was about to commit some of-

fense against the law, you will find the Defendant not guilty. If you do so find from the evidence beyond a reasonable doubt, then you will find the Defendant guilty as charged in the Information and you will make no finding in this verdict as to punishment."

The trial court denied appellant's request and instructed the jury as follows:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, LEWIS EDWARD BLACKMON, on or about the 25th day of October, 1977, in the County of Dallas, and State of Texas, as alleged in the information, did then and there intentionally flee from J.E. MARTINDALE, a person said defendant knew to be a peace officer, to-wit: the said J.E. MARTINDALE attempting to legally arrest the said defendant, you will find the defendant guilty as charged in the information, and you will make no finding in this verdict as to punishment.

"If you do not so find and believe from the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, then you will acquit the Defendant and say by your verdict Not Guilty."

Evading arrest is set out under V.T.C.A., Penal Code, Section 38.04:

"(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.

"(b) It is an *exception* to the application of this section that the attempted arrest is unlawful.

"(c) An offense under this Section is a Class B misdemeanor." (Emphasis added)

The burden of proof regarding an exception is defined under V.T.C.A., Penal Code, Section 2.02(b), as:

"(b) The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception."

It is clear that negating the exception, i.e. "unlawfulness", is part of the State's burden of proof. *Alejos v. State,* 555 S.W.2d 444 (Tex.Cr.App.1977) (on rehearing). Such an exception becomes part of the State's case in chief. As with every other element of the offense, the exception is covered in the main charge by requiring the jury to find beyond a reasonable doubt that the officer was attempting to "legally arrest" the appellant. The charge in the present case required such a finding. The trial court's charge properly applied the law of arrest to the facts of the case. Appellant's second and third grounds of error are overruled.

The judgment is affirmed.

ODOM, Judge, dissenting.

In his second ground of error appellant complains error was committed when the trial court overruled his objection to the charge. It is an essential element of evading arrest that the attempted arrest is lawful. *Alejos v. State,* 555 S.W.2d 444, 448 (Tex.Cr.App.1977). The majority concedes this is the law. Appellant objected to the charge for its failure to apply the law to the facts of the case on the element of whether the attempted arrest was lawful.

The paragraph of the charge applying the law to the facts of the case recites:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt, that the defendant, Lewis Edward Blackmon, on or about the 25th day of October, 1977, in the County of Dallas, and State of Texas, as alleged in the information, did then and there intentionally flee from J.E. Martindale, a person said defendant knew to be a peace officer, to-wit: the said J.E. Martindale attempting to legally arrest the said defendant, you will find the defendant guilty as charged in the information, and you will make no finding in this verdict as to punishment."

This does not apply the law to the facts of the case on the lawfulness of the arrest. In

*Fields v. State,* 544 S.W.2d 153 (Tex.Cr.App. 1976), the court held that such an omission was not fundamental error where there was no objection or requested instruction.[1] In this case timely objection was made to this defect in the charge. The charge did include a paragraph stating the law of arrest under Art. 14.03, V.A.C.C.P. There was, however, no application of that law to the facts of this case in the charge. Although the trial court initially agreed to submit such a charge, it subsequently reversed itself and overruled the objection.[2] The facts in this case showed appellant was arrested by police officers who had heard a radio report of a theft and then saw appellant being chased by a store security guard. The law under Art. 14.03, supra, should have been applied to these facts in the charge. The trial court erred when it overruled appellant's objection. See generally *Williams v. State,* 547 S.W.2d 18 (Tex.Cr. App.1977).

The State in reply to appellant's second and third grounds of error makes a single combined argument that appellant's requested charge "is merely an affirmative submission of a defensive issue which merely denies the existence of an essential element of the State's case." Although this argument is correct with respect to the third ground of error (which complains of denial of a requested charge), it is unresponsive to the second ground of error, which is based on the overruling of an objection to the charge for omission of an application of the law to the facts on the issue of the lawfulness of the arrest. The second ground of error is based on the adverse ruling set out in footnote 2. It is not based on a request for an affirmative submission of the denial of an element of the offense, but is based simply on the

overruled objection to failure to apply the law to the facts on the issue. The objection should have been sustained.

The majority opinion makes the bold assertion that the phrase "legally arrest" in the paragraph applying the law to the facts constitutes an application of "the law of arrest to the facts of the case." It is self-evident that those two words could not protect appellant's right, timely asserted by objection to the charge, to a full application of the law of arrest to the facts of his case.

I must dissent.

---

1. The Court in *Fields* also relied on the fact that the lawfulness of the arrest was not a contested issue, which suggests that failure to apply the law to the facts on the lawfulness of the arrest could be fundamental error if the issue is contested.

2. "THE COURT: Of the objection in CCR 77–2527–H, to the Charge in that the law of a lawful arrest is not more specifically applied to the facts, that is, more specifically than the

wording 'attempting to legally arrest the said Defendant,' that objection is overruled. Since legally or a legal arrest is defined and I will not further break it down any more than I will further break down 'intentionally' or 'knowingly' in applying the law to the facts. 'Legally' is defined in the Court's Charge. The word is included in applying the law to the facts, and that is as specific as I am going to get. So, your objection on those grounds is overruled."