**Dock Junior SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0157–CR.**

Court of Appeals of Texas, Amarillo.

June 26, 1985.

Morris Overstreet, Amarillo, for appellant.

Bill Baumann, Co. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of evading arrest, Tex. Penal Code Ann. § 38.04 (Vernon 1974)[1] and assessed punishment of 45 days in jail and a probated fine of $300.00. The primary question before this Court is whether a person fleeing from a *Terry*[2] investigatory stop is evading arrest under § 38.04. We conclude that he is not, and reverse and dismiss.

Responding to a midnight disturbance call from the Tip Top Club, City of Amarillo patrolman Dale Nivens arrived in his marked patrol car and encountered a large

---

1. Hereafter, § 38.04, which states:
   § 38.04. Evading Arrest
     (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer attempting to arrest him.
     (b) It is an exception to the application of this section that the attempted arrest is unlawful.

   (c) An offense under this section is a Class B misdemeanor.

2. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

crowd of people standing in the parking area. As three of the patrons were telling Nivens about a fight in the bar, appellant appeared in the doorway. Although no weapons were visible, the three patrons immediately advised Nivens that appellant had a gun. In response, appellant ran from the bar. Nivens pursued him, crying "halt, police" several times, and caught appellant when his feet ran out from under him as he turned a corner. At that time, Nivens concluded that appellant was intoxicated and arrested him for that offense. Appellant was not carrying a gun and Nivens did not locate one that could be attributed to him, so no weapons charges were filed.

Nivens testified as follows concerning appellant's legal status before, during and after the chase:

Q  Were you attempting to arrest Dock Smith?

\*  \*  \*  \*  \*  \*

A  Okay.  When I started chasing him, it was to investigate a complaint.

\*  \*  \*  \*  \*  \*

Q  So, are you saying that you were going to arrest him for a felony offense?

A  If we had found the gun.

Q  Well, just tell us what your thought processes were when you were chasing him. Is that why you were chasing him, to arrest him for carrying a gun in a bar, a felony offense?

A  Chasing him to see if he had the gun.

\*  \*  \*  \*  \*  \*

Q  So, your intentions were to arrest Dock Smith, or just to stop him and talk to him?

A  Okay.  What I wanted to do was talk to him to see if he did have a gun.

Q  You were not trying to arrest him?

A  Not at that time, that moment.

Q  Okay.  At what moment were you trying to arrest him?

A  Okay.  After he had ran from me and I had caught up with him and he was

apparently intoxicated, then, I arrested him.

\*  \*  \*  \*  \*  \*

Q  At that point, did he try to evade the arrest?

A  No.

Pointing to the quoted testimony, appellant contends, by his first ground of error, that he cannot be convicted of evading arrest because Nivens was not attempting to arrest him when he was running away. We agree.

■ The six elements of the offense of evading arrest under § 38.04 are as follows:

(1) a person

(2) intentionally flees

(3) from a peace officer

(4) knowing the person is a peace officer

(5) while the peace officer is attempting to arrest the person, and

(6) the attempted arrest is lawful

*Johnson v. State*, 634 S.W.2d 695 (Tex. Crim.App.1982); *Rodriquez v. State*, 578 S.W.2d 419 (Tex.Crim.App.1979).

■ The fifth element, consistent with the clear language of § 38.04(a), contemplates a chase that is being made in order to arrest a suspect.  As illustrated by the quoted testimony, that situation was not present here, because Nivens was not attempting to arrest appellant when the chase occurred.  It was only after Nivens caught appellant that the officer decided to arrest him, for public intoxication, and by Nivens' testimony no evasion took place after he decided to make an arrest.  Thus, the State did not prove the fifth element.

The State readily admitted to the trial court that it would not have been in court with this case but for *Blackmon v. State*, 644 S.W.2d 738, 740 (Tex.Crim.App.1983). There is language in *Blackmon* that, on first reading, seems to support the State's position, because the Court of Criminal Appeals pointed out that law enforcement officers are entitled to pursue, and subdue, a person who flees a *Terry* investigatory stop, just as they may pursue a person who

flees an arrest. However, the issue in *Blackmon* was not whether a person violates § 38.04 if he flees an investigatory stop. Instead, the Court was deciding whether the officer had enough information to detain the defendant, and subsequently arrest him, for another crime. The Court did not determine the threshold issue present here, which is whether the act of fleeing an investigatory stop is, standing alone, a crime. Thus, we are not required to apply *Blackmon* to these facts.

Section 38.04 creates the crime of evading an arrest. It does not create the crime of evading an investigatory stop. Appellant's first ground of error is sustained.

The judgment of conviction is reversed and, because the evidence is insufficient to prove a crime, *Burks v. U.S.*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), the information is ordered dismissed.