Calvin Wayne **MOODY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–87–00618–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 1989.

Rehearing Denied Sept. 21, 1989.

Michael Maness, Houston, for appellant.

John F. Carroll, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of possession of a controlled substance, heroin, in an amount less than 28 grams. A jury found Appellant guilty of the offense and assessed his punishment, enhanced by two prior felony convictions, at confinement for life in the Texas Department of Corrections. We reverse and remand.

Appellant asserts three points of error on appeal. In his first two points of error, Appellant contends the trial court erred in admitting evidence illegally obtained by stopping and detaining Appellant, and by searching his automobile, as both acts violated the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9 of the Texas Constitution.

Appellant filed a pretrial Motion to Suppress evidence seized from his automobile at the time of his arrest. At the hearing on the motion, Sergeant J.M. Rivera of the Houston Police Department Robbery Division testified that on February 5, 1987, he arrested Appellant after radioing another officer to stop Appellant's automobile. Sergeant Rivera testified that he was investigating several bank robberies and "wanted to talk" with an individual by the name of Debra Rambo. He received a grand jury subpoena for Debra Rambo from a Harris County Assistant District Attorney on February 5, 1987, and he then set up surveillance of Ms. Rambo's mother's home. When he saw Ms. Rambo leave the house and enter Appellant's vehicle, he ran a check on the registration of the vehicle. The radio dispatcher advised him that it was "listed as suspicious in several HPD robbery cases." The officer then radioed a marked patrol unit to stop the vehicle, gave a description of the vehicle and the information that the vehicle was listed as suspicious in several robberies, and that he had a grand jury subpoena for the passenger.

Officer Lollar stopped Appellant's vehicle and requested that Appellant produce his driver's license and proof of insurance. Appellant was unable to produce either item. The officer requested that Appellant stand at the rear of the vehicle and he then approached the passenger side of the vehicle. As he requested the passenger's identification, he saw a pistol stuck down between the bench seats in the front of the vehicle. Appellant was arrested and an inventory of the vehicle revealed heroin and a shotgun.

At the hearing on the Motion to Suppress, Sergeant Rivera admitted that other than the radio dispatch information and the subpoena for the passenger, he had no basis for requesting another unit to stop Appellant's automobile. The officer admitted that he did not know what specific robberies occurred, the location or dates of the robberies or any details of the automobile or its possible involvement. He testified that the information he received from the dispatcher was: "That the car had several entries through the license plate number and had been involved or had been listed as suspicious in several robbery cases."

The "grand jury subpoena" referred to was admitted into evidence at the hearing. It does not reflect that it was issued by a grand jury, that it was ever filed in any court, or that it was served on Ms. Rambo or returned to the grand jury or any court. Sergeant Rivera testified that the "subpoena" was to be used to get Ms. Rambo to give him information concerning other per-

sons. However, the officers did not stop the vehicle and serve the subpoena on Ms. Rambo. Instead, they stopped the vehicle and proceeded to question the appellant. Therefore, we do not find the subpoena to be a material issue in this case and we do not need to rule on its validity or its basis as a lawful reason for stopping the vehicle.

■ In appropriate circumstances and in an appropriate manner, a police officer may approach a suspicious individual for the purpose of investigating possible criminal behavior or activity, even when there is no probable cause to make an arrest. *Jackson v. State*, 745 S.W.2d 4, 9 (Tex. Crim.App.1988), cert. denied, — U.S. —, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988); *Smith v. State*, 739 S.W.2d 848, 852–53 (Tex.Crim.App.1987). To justify even a temporary detention, the officer must have specific articulable facts which, in light of his experience and personal knowledge, together with inferences from those facts, would reasonably warrant the intrusion on the freedom of the individual stopped for further investigation. *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968), *Hawkins v. State*, 758 S.W.2d 255 (Tex.Crim.App.1988); *Hoag v. State*, 728 S.W.2d 375, 380 (Tex.Crim.App.1987). However, the inarticulate hunch, suspicion or good faith of the investigating officer is never sufficient justification for a police officer to order an individual to stop his vehicle or to order the individual to exit his vehicle. *Hoag v. State*, 728 S.W.2d at 380; *Glass v. State*, 681 S.W.2d 599, 601 (Tex. Crim.App.1984). The officer must have a reasonable suspicion that some activity out of the ordinary is occurring or has occurred, information that tends to connect the detained person with the unusual activity, and some indication that the activity is related to a crime. *Hoag v. State*, 728 S.W.2d at 380; *Stone v. State*, 703 S.W.2d 652, 654 (Tex.Crim.App.1986); See *Hawkins*, 758 S.W.2d at 259–260.

The record before us does not support the conclusion that the officers had any specific articulable facts which would reasonably warrant stopping and questioning Appellant. The only information possessed by the officers was that the vehicle was listed as "suspicious" in some robberies. There is no indication of when or where these robberies occurred, no information connecting Rambo or the Appellant to these robberies, and no information on which to base a reasonable belief that the automobile or its occupants were at this time, or an any time in the past, involved in any criminal activities or in possession of any contraband or fruits of any crime.

We find that such vague and meager information is not such "specific articulable facts" as are required to justify the stop of Appellant. We further find that there was no lawful reason for stopping Appellant and searching his vehicle; therefore, we hold that the stop, detention and search of Appellant was in violation of his rights under the United States and Texas Constitutions. Appellant's Motion to Suppress should have been granted and the heroin discovered in the search should not have been admitted into evidence. Points of error one and two are sustained.

Our disposition of Appellant's first two points of error renders it unnecessary to address Appellant's remaining point of error.

Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court.