Affirmed and Memorandum Opinion filed June 1, 2004









Affirmed and Memorandum Opinion filed June 1, 2004.

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00763-CR

____________

 

KENNETH WAYNE
GLOVER,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th
District Court

Fort Bend County, Texas

Trial Court Cause No. 37,405

 



 

M E M O R A N D U M   O P I N I O N








Appellant Kenneth Wayne Glover was found
guilty of the offense of evading detention with a motor vehicle, and the jury
sentenced him to eight-and-a-half years= confinement in
the Texas Department of Criminal Justice, Institutional Division.  In seven points of error, appellant claims:
(1) he received ineffective assistance of counsel; (2) the trial court erred in
denying his requests to represent himself; (3) the trial court erred in
overruling his objections to the enhancement paragraphs; (4) the trial court
erred in denying his request for an instruction on a lesser-included offense;
(5) the trial court erred in denying his request for an expert; (6) the trial
court abused its discretion in denying his requests for a continuance; and (7)
his sentence is excessive in violation of the Eighth Amendment to the United
States Constitution.  We affirm.

Background

On the early morning of December 10, 2002,
Officer Michael Gamble with the Sugar Land Police Department responded to a
disturbance call at an apartment complex. 
Dispatch informed Officer Gamble that a red Ford pick-up was involved in
the disturbance.  As Officer Gamble
arrived at the scene, he saw a red Ford pick-up leaving the complex.  Appellant was the driver of the pick-up and
failed to use his turn signal as he exited the complex.  Officer Gamble activated his overhead lights
and pulled appellant over for the driving violation.  Officer Gamble approached the truck and asked
appellant for his driver=s license and proof of insurance.  Appellant gave Officer Gamble a driver=s license and an
expired proof of insurance.  Officer
Gamble asked appellant to remain where he was while he ran appellant=s driver=s license for
outstanding warrants.  As Officer Gamble
returned to his patrol car, appellant sped off in his truck.  Officer Gamble notified dispatch that
appellant had fled, activated his siren, and pursued appellant.  Appellant drove his truck for about a mile
and then jumped out of his truck and ran. 
Officer Gamble apprehended appellant after a subsequent foot chase.

Enhancement

In his first point of error, appellant complains
that he should not have been charged with a second-degree felony because the
evading detention statute has its own specific enhancement provisions that
should have been used to the exclusion of the repeat-offender statute
provisions. Further, because two of the previous felony convictions used for
enhancement would only result in non-aggravated state jail felony convictions
if the crimes had been committed today, appellant argues that enhancement was
improper for this additional reason.








Appellant was charged under the evading
arrest or detention statute, which enhances an offense to a state jail felony
if a vehicle is used during the commission of the offense.[1]  See
Tex. Pen. Code Ann. ' 38.04(b)(1)
(Vernon 2003).  Further, due to appellant=s prior felony
convictions for credit card abuse and arson, his punishment was enhanced
according to the provisions of the repeat-offender statute.  See Tex.
Pen. Code Ann. ' 12.42(a)(2) (Vernon 2003) (stating that,
if a defendant is convicted of a state jail felony and Ahas previously
been finally convicted of two felonies, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous
conviction having become final, on conviction the defendant shall be punished
for a second-degree felony@).  It is well established that a prior
conviction may be used to enhance punishment as long as the same conviction has
not also been used to enhance the offense under a specific criminal statute.  See Phifer v. State, 787 S.W.2d 395,
396 (Tex. Crim. App. 1990) (holding that convictions used to enhance the
offense under the specific criminal statute cannot be used to enhance the
punishment under the general repeat-offender statute).

Furthermore, although two of the prior
felony convictions used to enhance appellant=s punishment would
only be state jail felonies if appellant committed those same crimes today,
there is no prohibition against using those convictions as felonies for
purposes of the repeat-offender statute. 
See Ex parte Rice, 629 S.W.2d 56, 58 (Tex. Crim. App. 1982)
(noting that the legislature did not put any limitations in the repeat-offender
statute requiring that the underlying offense of the felony conviction still be
a felony when it is used for enhancement and finding that Athe crucial factor
. . . is the fact that there has been a final felony conviction@).  We overrule appellant=s first point of
error.

 








                                               Self-Representation

In his second point of error, appellant
contends the trial court erred in denying his requests to represent
himself.  Appellant claims he requested
to represent himself before trial and again at the closing argument phase of
the trial.  The record reflects that
appellant asked during a pre-trial hearing for the trial court to discharge his
trial counsel, allow him to represent himself, and appoint him stand-by
counsel.  When the trial court refused to
appoint stand-by counsel, appellant indicated he did not want to dismiss his
appointed attorney.  Appellant made no
request to represent himself during closing arguments.[2]


The trial court did not err in denying
appellant=s request for hybrid-representation.  See Scarbrough v. State, 777 S.W.2d
83, 92 (Tex. Crim. App. 1989) (affirming that an accused has no absolute right
to hybrid-representation).  Moreover,
there is no evidence in the record that appellant clearly and unequivocally
requested to represent himself after the trial court refused to appoint
stand-by counsel.  See id.
(explaining that in order for the right of self-representation to attach a
defendant must clearly and unequivocally assert such a request).  We overrule appellant=s second point of
error.

Ineffective Assistance of Counsel

In his third point of error, appellant
claims he received ineffective assistance of 
counsel and makes the following conclusory allegations: trial counsel
(1) was not prepared to present his case; (2) failed to investigate the case;
and (3) failed to present two defenses regarding mitigating circumstances and
temporary insanity.  Appellant provides
no additional argument about what counsel failed to prepare or
investigate.  Further, although he claims
trial counsel should have presented two defenses to Amitigate the
circumstances,@ appellant does not specify how counsel=s alleged failures
affected the outcome of the case. 








To prove ineffective assistance of
counsel, appellant must show that (1) trial counsel=s representation
fell below an objective standard of reasonableness, based on prevailing
professional norms, and (2) there is a reasonable probability that the result
of the proceeding would have been different but for trial counsel=s deficient
performance.  Strickland v. Washington,
466 U.S. 668, 688B92 (1984). 
Moreover, appellant bears the burden of proving his claims by a
preponderance of the evidence.  Jackson
v. State, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).  Appellant has failed to meet this burden
because he has failed to demonstrate that, but for his counsel=s alleged errors,
the result of the proceeding would have been different.  See Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999) (holding 
that appellant must affirmatively prove prejudice by showing through
evidence that the errors affected the outcome of the proceeding).[3]  We overrule appellant=s third point of
error.

Jury Instruction on Lesser-Included
Offense








In his fourth point of error, appellant
contends the trial court erred in denying his request for an instruction on a
lesser-included offense.  Appellant filed
two motions for an instruction on a lesser-included offense.  On appeal, he complains of the trial court=s denial of an
instruction for Amisdemeanor escape.@  Generally, an instruction on a lesser-included
offense should be given if: (1) the lesser‑included offense is included
within the proof necessary to establish the offense charged, and (2) there is
some evidence in the record that would permit a jury rationally to find that if
the defendant is guilty, he is guilty only of the lesser-included offense.  Wesbrook v. State, 29 S.W.3d 103, 113
(Tex. Crim. App. 2000).  However, there
is a crucial prerequisite: the requested instruction must actually be for a
lesser-included offense.  Moore v.
State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  Appellant fails to show that misdemeanor
escape is a lesser-included offense of evading detention.[4]  See Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981) (defining
lesser-included offense as an offense that is Aestablished by
proof of the same or less than all the facts required to establish the
commission of the offense charged@); see also
Green v. State, 892 S.W.2d 217, 218 (Tex. App.CTexarkana 1995, pet. ref=d) (finding that
refusal to comply with lawful order from a police officer is evading arrest or
detention under section 38.04 of the Penal Code); Coleman v. State, 825
S.W.2d 735, 736 (Tex. App.CDallas 1992, pet.
ref=d) (explaining
that offense of escape only applies to suspects who flee after they have
been placed under arrest).  Because
appellant has failed to establish that his requested instruction on misdemeanor
escape is a lesser-included offense, we find no error in the trial court=s refusal to
include the requested instruction.  See
Moore v. State, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).  We overrule appellant=s fourth point of
error.

Request for Expert








In his fifth point of error, appellant
argues the trial court erred in denying his request for an expert witness in
order to prepare a temporary insanity defense. 
A review of the record reveals that appellant requested an expert to
investigate the ability of an automobile to reach eighty miles per hour in the
distance alleged by police and other circumstances surrounding the arrest, and
that request was denied by the trial court. 
However, a request for an expert to prepare for the presentation of an
insanity defense was never presented to the trial court.  In fact, during a pre-trial hearing,
appellant discusses his attorney=s failure to
prepare a temporary insanity defense, ponders whether there may be a need to
present expert testimony for the defense, and later asks the trial court
whether it was going to deny his motion for an expert.  The trial court responded that it had not
been presented with a motion for an expert and would rule on such a request
only when it was presented.  Such a
motion was never presented.  

To preserve a complaint on appeal,
appellant must make a motion or request to the trial court and secure a ruling
from the trial court or object to the trial court=s refusal to rule
on the motion or request.  See Tex. R. App. P. 33.1(a).  Because appellant has failed to preserve this
complaint for review, we overrule his fifth point of error.

Motions for Continuance

In his sixth point of error, appellant
contends the trial court erred in denying his motions for continuance.  Appellant told the trial court that, because
he had been working on a brief for federal court, he needed more time to
prepare for trial.  Appellant=s counsel, however,
told the trial court that counsel was prepared and ready for trial.  Regardless, although appellant=s counsel signed
the verification attached to the three motions for continuance, none of the
verifications were notarized.  Appellant=s motions were not
properly sworn to and, therefore, present nothing for review.  See Smith v. State, 676 S.W.2d 378,
385 (Tex. Crim. App. 1984); see also Knight v. State, No.
05-95-01832-CR, 1997 WL 277988, at *3 (Tex. App.CDallas May 28, 1997, no pet.) (not designated for publication)
(finding that appellant=s motion for continuance was not properly
sworn to when the verification was not notarized).  We overrule appellant=s sixth point of
error.

Appellant=s Sentence








In his seventh point of error, appellant
claims his sentence is excessive in violation of his rights under the Eighth
Amendment to the United States Constitution. 
Appellant did not object in the trial court that the sentence assessed
by the jury violated the Eighth Amendment=s prohibition on
cruel and unusual punishment.  Therefore,
appellant has waived this issue on appeal.[5]  Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995) (stating that failure to make specific objection at
trial waives Eighth Amendment claim of cruel and unusual punishment).  We overrule appellant=s seventh issue.

Having overruled all of appellant=s points of error,
we affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 1, 2004.

Panel
consists of Justices Yates, Frost, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).

 











[1]  Appellant
contends in his brief that he was previously convicted of evading arrest, and
as such, the provisions of the evading detention statute would have enhanced
his offense to a third-degree felony.  See Tex. Pen. Code Ann. ' 38.04(b)(1) (Vernon 2003) (stating that the offense of evading
detention is a third-degree felony if the actor uses a vehicle while in flight
and previously has been convicted under the statute).  There is no
evidence in the record to support appellant=s
claim.  Appellant points us to a parole
case summary contained in the record that indicates appellant admitted to a
previous arrest for resisting arrest. 
This is not, however, evidence that appellant was convicted of that
offense. 





[2]  Appellant
spoke to his attorney during charge discussions about getting certain
information in the record.  Although
there is banter in the record between appellant and his attorney, at no time
during this phase of the trial did appellant ask to represent himself.





[3]  Even if
appellant had demonstrated prejudice, we apply a strong presumption that trial
counsel was competent and that his actions and decisions were reasonably
professional and were motivated by sound trial strategy.  See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).  Moreover,
appellant has the burden to rebut this presumption by presenting evidence
showing why trial counsel did what he did. 
See id.  If the record
contains no evidence of the reasoning behind trial counsel=s actions, we cannot conclude counsel=s performance was deficient or speculate about the
reasons behind trial counsel=s actions.  Id.  Here, there is nothing in the record to show
that counsel=s conduct was the product of unsound or unreasonable
strategy or that there is a fair probability that his conduct led to an
unreliable or unjust result.  Appellant
has not developed a record for the purposes of this claim. 





[4]  To argue that
he was entitled to an instruction on a lesser-included offense, appellant
relies on Smith v. State to contend that a person who flees an
investigatory stop does not commit an offense for evading under section 38.04
of the Penal Code.  See 704 S.W.2d
791 (Tex. App.CAmarillo 1985), aff=d, 739 S.W.2d 848 (Tex. Crim. App. 1987).  However, the Smith case predates an
amendment to the Penal Code that added fleeing from a detention to that section
of the Penal Code.  See Act of May
3, 1989, 71st Leg., R.S., ch. 126, ' 1, 1989
Tex. Gen. Laws 488.  As of the effective
date of the amendment, section 38.04 prohibits a person from evading an arrest
or a detention.





[5]  Even if error
were preserved , there is no evidence in the record, as required by Solem v.
State, 463 U.S. 277 (1983), reflecting sentences imposed on similar
offenses in Texas or other jurisdictions. 
See Jackson v. State, 898 S.W.2d 842, 846 (Tex. App.CTexarkana
1999, no pet.).