NOS. 12-01-00120-CR


 12-01-00121-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


MICHAEL RAY EARLS,
§
 APPEAL FROM THE 183RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HARRIS COUNTY, TEXAS

 

 Appellant Michael Ray Earls appeals his convictions for possession of cocaine and escape,
for which he was assessed punishment at eighteen and ten years in prison, respectively. In two
issues, Appellant asserts that his trial counsel was ineffective in representing him. We affirm.


Background


 Four Houston police officers were driving down a city street in an unmarked car. They
allegedly possessed a trespass warrant because of numerous complaints that non-residents were
hanging out at an apartment complex. They saw four men close to the road, and one of them
approached the officers' vehicle. When the officers saw the man reach into his pants, they all
jumped out of the car and grabbed the four men, believing that they were probably involved in
dealing drugs. When the men were being handcuffed, one of the officers saw Appellant jump into
his car and start moving around suspiciously. The officer approached Appellant, and after smelling
marijuana emanating from the car, he pulled Appellant out of his vehicle and handcuffed him. 
Officers subsequently took him around the corner of a building and strip-searched him. They located
a baggie of cocaine between Appellant's legs. On the way to the police car, Appellant wrested away
from the officer and began running from the scene. He was located several blocks away and was
again taken into custody. Appellant was subsequently tried and convicted of possession of a
controlled substance and escape. Appellant claims on appeal that he did not receive effective
assistance of counsel at trial and that his convictions should therefore be reversed.

Ineffective Assistance of Counsel


 To show that his trial counsel was ineffective, Appellant must meet the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
First, Appellant must demonstrate that counsel's performance was deficient. Strickland, 466 U.S. 
at 687, 104 S. Ct. at 2064. In order to satisfy this prong, Appellant must demonstrate that counsel's
performance fell below an objective standard of reasonableness, as judged on the facts of a particular
case and viewed at the time of counsel's conduct. Id. at 688-90, 104 S. Ct. at 2064-66. Further,
counsel is presumed to have rendered adequate assistance and made all significant decisions in the
exercise of reasonable professional judgment. McFarland v. State, 928 S.W.2d 482, 500 (Tex.
Crim. App. 1996). Second, Appellant must show that counsel's performance prejudiced his defense
at trial. Strickland, 466 U.S. at 692, 104 S. Ct. at 2067. "It is not enough for the Appellant to show
that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693, 104 S.
Ct. at 2067. Rather, he must show there is a reasonable probability that the result of the proceeding
would have been different but for the errors made by counsel. Id. at 694, 104 S. Ct. at 2068. "A
reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. "Any
allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness." McFarland, 928 S.W.2d at 500. Failure to make the
required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim. Id. 

 Appellant admittedly has a difficult burden in proving ineffective assistance of counsel. As
the court of criminal appeals, in Thompson v. State, 9 S.W.3d 808 (Tex. Crim. App. 1999), explains:


 A substantial risk of failure accompanies an appellant's claim of ineffective assistance on direct
appeal. Rarely will a reviewing court be provided the opportunity to make its determination on direct
appeal with a record capable of providing a fair evaluation of the merits of the claim involving such
a serious allegation. In the majority of instances, the record on direct appeal is simply undeveloped
and cannot adequately reflect the failings of trial counsel. 


Id. at 813-14 (citations omitted). 


Extraneous Offenses


 In his first issue, Appellant complains that his trial counsel did not provide effective
assistance when he failed to object to testimony that Appellant had been arrested on drug charges
in the past. Specifically, the jury heard the following testimony by the arresting officer:


 . . . He started, like, talking to me - - he was, like, asking me if he was going to be going to jail. I'm
like, 'yes, I'm taking you to jail right now.' He goes, 'I don't want to go to jail.' He goes, 'I've been
arrested for this a few times in the past. I don't want this to happen again.' I'm like, 'Sorry, but you're
going to jail.' But I don't remember exactly. He was, like, 'Am I going to be going for a long time?' 
I was, like, 'It's up to the Judge.' At that point I put him in the police car. 


And after the prosecutor asked whether or not Appellant was under arrest when he escaped, the
officer testified, without objection, as follows:


 He was. In my opinion, he was also aware of this because of discussion he had walking to the car. 
When I said, okay, now, you're going to be charged with the possession of the controlled substance,
crack cocaine, that's when he was like, oh, I don't want to go to jail again. I don't want to go to jail. 
Basically, that wasn't quotes. It was paraphrasing. But . . .



 Rule 404 of the Texas Rules of Evidence provides the following:


 (a) Character Evidence Generally. Evidence of a person's character or character trait is not
admissible for the purpose of proving action in conformity therewith on a particular occasion
. . . 


 (b) Other Crimes, Wrongs, or Acts. Evidence of other crimes, wrongs, or acts is not admissible
to prove the character of a person in order to show action in conformity therewith. It may,
however, be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. . . .



Tex. R. Evid. 404. This court must first determine whether or not admission of evidence of the
extraneous offenses would have been error, since it is not ineffective assistance when an attorney
does not preserve those "errors" which are not reversible error (or, in other words, does not do that
which it would be futile to do). Matthews v. State, 960 S.W.2d 750, 753 (Tex. App.-Tyler 1997,
no pet.).

 Rule 404(b) sets forth exceptions as contemplated by Rule 402. Rankin v. State, 974 S.W.2d
707, 709 (Tex. Crim. App. 1996). This rule exists, in large part, to counter the possibility that
evidence may be admitted to show a defendant's corrupt nature from which the jury may then render
a verdict not on the facts of the case before them but, rather, on their perception of the defendant's
character. Id. Under Rule 404(b), extraneous evidence introduced solely to show character
conformity is inadmissible. Id. However, when read in light of Rules 401 and 402, if evidence is
introduced for a purpose other than character conformity, has relevance to a "fact of consequence"
in the case, and remains free of any other constitutional or statutory prohibitions, it is admissible
under Rule 404(b). Id. at 709-10. 

 Extraneous offenses may be admissible to show motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided that the probative value is not
substantially outweighed by its prejudicial effect. Montgomery v. State, 810 S.W.2d 372, 377 (Tex.
Crim. App. 1990); Camp v. State, 925 S.W.2d 26, 32 (Tex. App.-Tyler 1995, pet. ref'd). This rule
favors the admission of relevant evidence. Montgomery, 810 S.W.2d at 389. To support the
exclusion of evidence of extraneous offenses, the relevant criteria, viewed as objectively as possible,
must lead to the conclusion that the danger of unfair prejudice substantially outweighs the probative
value of the evidence. Id. at 392. Relevant criteria include: that the ultimate issue is not seriously
contested by the opponent; that the proponent has other convincing evidence to establish the fact that
the proffered evidence tends to establish; that the proffered evidence, alone or in combination with
other evidence, it not particularly compelling; and the evidence's relevance. Id.

Analysis

 Appellant was not only charged with possession of a controlled substance, he was also
charged with attempted escape. His attorney vigorously contested the officers' testimony that
Appellant fled after being arrested by questioning how a man, supposedly intoxicated and
handcuffed, could have outrun at least two police officers. The evidence that Appellant was terrified
of going to prison, because he had been there before, could provide a jury with some idea, drawn
from reasonable inferences, about Appellant's reasons or motive for attempting an escape. Motive
is not an essential element of a criminal offense, but the prosecution is always entitled to offer
evidence of motive to commit the charged offense, because it is relevant when it fairly tends to raise
an inference that the accused actually committed the crime alleged. Gosch v. State, 829 S.W.2d 775,
783 (Tex. Crim. App. 1991); Stern v. State, 922 S.W.2d 282, 287 (Tex. App.-Fort Worth 1996, pet.
ref'd). 

 Since the extraneous offenses are admissible to show motive, the next question is whether
or not the danger of unfair prejudice substantially outweighs the probative value of the evidence.
However, when the balancing test is applied, evidence of the context of the offense is almost always
admissible under the reasoning that events do not occur in a vacuum and the jury has a right to have
the offense placed in its proper setting so that all evidence may be realistically evaluated. Mann v.
State, 718 S.W.2d 741, 744 (Tex. Crim. App. 1986); Stern, 922 S.W.2d at 287. When the officers
testified about Appellant's statements indicating he had previously been in prison for the same
offense, it allowed the jury to view the offense in the proper setting. Also, they were off-hand
remarks and were not emphasized by the State in any way. We find, therefore, that the probative
value of the evidence was not substantially outweighed by it prejudicial nature. 

 In viewing the record, we believe that evidence of Appellant's extraneous offenses would
probably have been allowed, since it was relevant and its prejudicial nature did not substantially
outweigh the probative value of the evidence. Further, "[t]o pass over the admission of prejudicial
and arguably inadmissible evidence may be strategic . . ." Lyons v. McCotter, 770 F.2d 529, 534
(5th Cir. 1985). Appellant's attorney could have determined that it was futile to object. It could also
have been trial strategy not to put any undue emphasis on the extraneous offenses. We presume that
counsel made his decision not to object to the testimony of extraneous offenses in the exercise of
reasonable professional judgment. Also, because Appellant has not shown that trial counsel's failure
to object to extraneous offenses prejudiced his defense at trial, we cannot hold that, on that basis,
Appellant received ineffective assistance of counsel. Accordingly, we overrule Appellant's first
issue.


Failure to Pursue a Hearing on Motion to Suppress


 His second issue complains that Appellant was denied effective assistance of counsel because
his trial attorney did not pursue his motion to suppress illegally seized evidence.

 The Fourth Amendment to the United States Constitution provides the following:


 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable
searches or seizures shall not be violated, and no warrants shall issue but upon probable, cause
supported by oath or affirmation and particularly describing the place to be searched, and the persons
or things to be seized.



U.S. Const. amend. IV.

 Article I, section 9 of the Texas Constitution also provides certain guarantees from
unreasonable searches and seizures, as follows:


 The people shall be secure in their persons, houses, papers and possessions, from all unreasonable
seizures and searches, and no warrant to search any place or to seize any person or thing shall issue
without describing them as near as may be, nor without probable cause, supported by oath or
affirmation.



Tex. Const. art. I, § 9. No evidence seized in violation of any laws or provisions of the United
States Constitution or the laws or provisions of the Texas Constitution shall be admissible in any
criminal prosecution. Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 1999).

Probable Cause to Arrest and Search

 There are three recognized categories of interaction between the police and citizens: 
encounters, investigative detentions and arrests. Francis v. State, 922 S.W.2d 176, 178 (Tex. Crim.
App. 1996) (Baird, J., concurring as to judgment, dissenting as to dismissal of review). Both an
investigative detention and an arrest involve a seizure of the citizen; therefore, a certain objective
level of suspicion must be shown by the officer to justify the seizure. Id. If the interaction is an
arrest, the officer must show probable cause to believe that the citizen has engaged in or is engaging
in criminal activity. Id. 

 Probable cause for an arrest exists where, at that moment, facts and circumstances within the
knowledge of the arresting officer, and of which he has reasonably trustworthy information, would
warrant a reasonably prudent person in believing that a particular person has committed or is
committing a crime. See Smith v. State, 739 S.W.2d 848, 851 (Tex. Crim. App. 1987). Once an
officer has probable cause to arrest, he may search the defendant's person as a search incident to that
arrest. Jones v. State, 568 S.W.2d 847, 856 (Tex. Crim. App. 1978); State v. Kelly, 963 S.W.2d 866,
870 (Tex. App.-San Antonio 1998, pet. filed). It is irrelevant that the arrest occurs immediately
before or after the search, as long as sufficient probable cause exists for the officer to arrest before
the search. Williams v. State, 726 S.W.2d 99, 101 (Tex. Crim. App. 1986).

Analysis

 Houston police officer William Meyers testified that he and three fellow officers were
cruising in an unmarked car in the 1600 block of Winbern in Houston. They were looking for gang
and narcotics activity. Meyers stated that they had a trespass affidavit for a particular location, in
addition to hoping that someone would try to sell them drugs. As they slowly drove down the street,
a person walked towards them and "reached in his pants." Since this is a common movement made
by drug dealers, the police immediately stopped and exited the car. There were four people in the
immediate area, and each officer grabbed a person. Appellant was standing near a Chevrolet
Cavalier in the immediate vicinity. Meyers asserted that after taking his man to the ground, he saw
Appellant run and jump into the driver's seat of the Cavalier. 

 Meyers testified that Appellant was "reaching around," and/or "reaching into his waistband
in the front of his crotch area." Because in Meyers' experience it is common to carry guns in cars
and in waistbands, the officers pulled Appellant out of the car and immediately handcuffed him and
patted him down. Meyers also smelled marijuana in the car, saw some marijuana seeds, and
observed that Appellant was slow-moving, his eyes were bloodshot, and his speech slurred, leading
him to conclude that Appellant was publicly intoxicated. Meyers took Appellant into custody for
public intoxication and investigation on the trespass. Appellant was subsequently strip-searched.

 Police Officer J. C. Helton, another occupant of the unmarked vehicle, basically reiterated
Meyers' testimony. Helton stated that three other people in the parking lot were "detained for
investigation" after the fourth individual reached into the front of his pants. When Appellant went
to his car, he made "overt" movements that looked like he was possibly trying to stash something
or possibly getting a weapon. When the officer moved closer to the vehicle, there was a strong odor
of marijuana, which caused him to detain Appellant for public intoxication. Helton stated that
Appellant was initially detained and patted down for criminal trespass and for public intoxication. 
He testified that, "we handcuffed him basically knowing that we had him for the public
intoxication."

 The above-cited facts would warrant a reasonably prudent person in believing that Appellant
had committed or was committing a crime. And because the officers had probable cause to arrest
Appellant for public intoxication, it was a legal arrest. Because the officers legally arrested
Appellant, the search incident to arrest was also legal. Consequently, the evidence would not have
been suppressed, even if Appellant's attorney pursued a hearing on the motion. See Matthews, 960
S.W.2d 753 (it is not ineffective assistance of counsel when counsel fails to do that which it would
be futile to do). 

 Appellant also complains that trial counsel failed to submit a jury question regarding the
reasons for Appellant's arrest. See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon Supp. 1999). 
However, the record does not reflect more than a scintilla of evidence to justify a jury question on
illegal search and seizure. Therefore, Appellant has failed to show a reasonable probability that the
trial court would have granted a request for a jury question. Further, the record fails to show a
reasonable probability that a jury would have found that Appellant was illegally arrested and
searched, thus preventing the jury from considering Appellant's possession of the cocaine in its
deliberations. In other words, even if trial counsel's failure does constitute deficient performance
by counsel, Appellant fails to show that there is a reasonable probability, a probability sufficient to
undermine confidence in the outcome, that the result of the trial would have been different but for
this error. 

 Accordingly, because Appellant cannot show that counsel's performance prejudiced his
defense at trial, we hold that counsel's failure either to pursue a ruling on Appellant's motion to
suppress or to request a jury question on the arrest did not constitute ineffective assistance of
counsel.

 We overrule issue two and affirm the judgments of the trial court.




 JIM WORTHEN 

 Justice



Opinion delivered January 16, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)