## Steven Michael THIBEADEAU, Appellant,

v.

## The STATE of Texas, Appellee.

### No. 1222–87.

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

William E. Hall, Jr. (on appeal only), George E. Renneberg (on appeal only), Conroe, for appellant.

Michael R. Little, Dist. Atty., Steve Green, Asst. Dist. Atty., Liberty, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of possession of cocaine of less than 400 grams but at least 28 grams. After finding appellant guilty, the jury assessed punishment at twenty years in the Texas Department of Corrections and A $10,000.00 fine.

On direct appeal, appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The court of appeals rejected appellant's challenge to Article 37.07, § 4, V.A.C.C.P. *Thibeadeau v. State*, 739 S.W.2d 482 (Tex.App.—Beaumont 1987).

In his petition for discretionary review, appellant urges the court of appeals erred in holding Article 37.07, § 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1988), this Court determined that Article 37.07, § 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the court of appeals to conduct a harmless error analysis under the guidelines of Tex.R.App.P. 81(b)(2).

The judgment of the court of appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.