**Will Edward GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–94–00166–CR.**

Court of Appeals of Texas, Texarkana.

Submitted Nov. 15, 1994.

Decided Jan. 6, 1995.

See also 892 S.W.2d 220.

Hal E. Turley, Dallas.

John C. Vance, Criminal Dist. Atty., Dallas.

Daniel D. Guess, Asst. Dist. Atty., Dallas, for state.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Will Edward Green appeals from his conviction of the offense of evading detention. After a trial by jury, the trial court assessed punishment at 180 days' confinement and a $200 fine.[1]

Green contends that the evidence was insufficient to support his conviction for the evasion of detention. He argues that the circumstances preceding the detention did not justify a reasonable suspicion that he was involved in criminal conduct and that, because his conduct was just as consistent with innocent activity as criminal activity, the de-

tention was unlawful. *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex.Crim.App.1994); *Schwartz v. State*, 635 S.W.2d 545, 547 (Tex. Crim.App.1982). In making this argument, Green presumes that the initial stop occurred because of the drug-related activity from which he appeals in the companion case. This is not supported by the record.

■ The arresting officers testified that they first saw Green around 9:30 p.m. on October 12, 1993, that he was standing astride a bicycle in the middle of a street, and that the bicycle had no lights. When he saw the patrol car, he got onto the bicycle and pedaled onto the lawn of a nearby house. Officer Baird then testified that he instructed the appellant to come over to his patrol car because he intended to explain the traffic laws about obstructing a roadway and the requirement that he have a light on his bicycle. Instead, Green ran to the front door of a residence and began to unlock it. If proven by the evidence, a refusal to comply with a lawful order, knowing the order came from a police officer, constitutes the offense of evading detention. TEX.PENAL CODE ANN. § 38.04(a).[2]

■ Green's contention that the evidence is insufficient to support his conviction for evading detention can fairly be said to question whether the evidence is both legally and factually sufficient. In reviewing the legal sufficiency of the evidence, we look at all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In reviewing the sufficiency of the evidence, this Court may not reweigh the evidence as the thirteenth juror. *Blankenship v. State*, 780 S.W.2d 198, 207 (Tex.Crim.App.1989) (opinion on reh'g).

■ In reviewing the factual sufficiency of the evidence, we look at all the evidence and determine whether the conviction is

---

1. This case was tried with a companion charge of possession of marihuana. Punishment was identical for each case.

2. Amended by Act of May 29, 1993, 73rd Leg., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3667.

against the great weight of the evidence. Under TEX. CONST. art. V, § 6, the courts of appeals are conclusive on all fact questions and have the constitutional authority and obligation to decide whether the evidence is factually sufficient. *White v. State,* 890 S.W.2d 131 (Tex.App.—Texarkana 1994, no pet. h.); *Williams v. State,* 848 S.W.2d 915, 916–17 (Tex.App.—Texarkana 1993, no pet.); *see Stone v. State,* 823 S.W.2d 375 (Tex. App.—Austin 1992, pet. ref'd, untimely filed). The trier of fact is free to accept or reject any or all of any witness' testimony. *Adelman v. State,* 828 S.W.2d 418 (Tex.Crim.App. 1992).

The officer testified that traffic regulations require that bicycles operated at night have lights. TEX.REV.CIV.STAT.ANN. art. 6701d, § 184 (Vernon 1977). The Article further provides that persons operating bicycles should ride as near as practicable to the right curb or edge of the roadway. TEX.REV. CIV.STAT.ANN. art. 6701d, § 182 (Vernon Supp.1995). Therefore, Green's act in riding in the middle of the street after nightfall with no lights on his bicycle constituted traffic offenses. An officer may stop an individual for committing a traffic offense. *Douglas v. State,* 733 S.W.2d 347, 354 (Tex.App.—Waco 1987, *rev'd on other grounds,* 761 S.W.2d 16 (Tex.Crim.App.1988). Accordingly, the officer had a lawful reason, independent of any suspicious activity on Green's part, to stop the bicycle and Green. Green's refusal to comply with his request can be defined as an attempt to evade detention. The evidence is both legally and factually sufficient for the jury to conclude that Green committed the offense of evading detention.

Green further contends that because this initial detention was unlawful, the trial court erred by denying his motion to suppress evidence obtained following the detention. The arresting officer testified that he followed Green to the house and attempted to restrain him, and that while they struggled, Green pushed the door open. He testified that as his partner restrained Green, in order to ensure their safety he checked the room from the doorway for people or weapons. Although he saw none, he did see an open box containing a green leafy substance. He testified that when he saw the item he believed that it was marihuana. The officer went into the room and took the box. Its contents were analyzed, found to be marihuana, and admitted into evidence at trial.

On a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and the judge of the credibility of witnesses, including the weight to be given their testimony. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Thus, the trial court is free to believe or disbelieve the testimony of any witness. This Court does not engage in its own factual review, but determines whether the trial judge's findings are supported by the record. If they are supported, this Court is not at liberty to disturb them. *Etheridge v. State,* No. 71,189, 1994 WL 273325 (Tex.Crim.App. June 22, 1994); *Upton v. State,* 853 S.W.2d 548 (Tex. Crim.App.1993); *Cantu v. State,* 817 S.W.2d 74, 77 (Tex.Crim.App.1991).

The plain view doctrine is an exception to the warrant requirement which permits an officer to seize what he sees in plain sight or open view if he is lawfully on the premises. *DeLao v. State,* 550 S.W.2d 289, 291 (Tex.Crim.App.1977); *Reno v. State,* 882 S.W.2d 106, 108 (Tex.App.—Fort Worth 1994, no pet. h.). The exception applies in this case, as the officer was lawfully on the porch of the residence, and there is evidence that from that vantage point the officer saw contraband lying in an open box in plain sight. The court's ruling finds support in the record. Thus, no error has been shown in the admission of the contraband into evidence.

The judgment of the trial court is affirmed.