Opinion Issued April 24, 2003












     






In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00601-CR




ROBERT ALLEN MARRON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 677633




MEMORANDUM OPINION

A jury found appellant, Robert Allen Marron, guilty of the misdemeanor
offense of evading detention by a peace officer, and the trial court assessed
punishment at 180 days in jail, probated for one year, and a $300 fine. See Tex. Pen.
Code Ann. § 38.04 (Vernon 2003). In three points of error, we determine (1)
whether the evidence was legally and factually sufficient to support appellant’s
conviction, (2) whether the testimony of two deputies about a 9-1-1 call was
inadmissible hearsay, and (3) whether the testimony from the owner of a stolen car
in which appellant was riding was irrelevant or unduly prejudicial. We affirm.Facts
          On January 27, 2002, the Harris County Sheriff’s dispatcher put out a bulletin,
based on an anonymous tip, that two males were dumping a stolen Dodge Neon. 
Three deputies in patrol cars drove to the area. After waiting for a few minutes, a car
matching the description given by the anonymous tipper arrived in the area, driven
by a person who later turned out to be a 14-year-old boy. Appellant was a passenger
in the back seat. The officers turned on their lights and sirens, and the driver drove
the car off the road into a ditch. While the car was still moving, the driver jumped out
and fled on foot. At the time the driver jumped out, appellant attempted to jump out
of the back seat of the car, but lost his balance and rolled once on the ground. While
appellant was trying to get up, he was seized and handcuffed.
 
 
 
Legal and Factual Sufficiency
          In his first point of error, appellant contends that the evidence is legally and
factually insufficient to support his conviction.


 Appellant contends that the State
failed to prove that (1) the peace officers lawfully detained him, (2) the deputy named
in the information was the deputy who detained him, (3) appellant intentionally fled,
and (4) appellant knew that the deputy was attempting to detain him.
          The standard of review for legal sufficiency is to view the evidence in the light
most favorable to the conviction and to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. 
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim App. 2000). The standard of review for
factual sufficiency is whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof of guilt is so obviously weak, or so
contrary to the overwhelming preponderance of the evidence, as to undermine
confidence in the jury’s determination of guilt. King v. State, 29 S.W.3d 556, 563
(Tex. Crim. App. 2000).
 
A.      Lawfulness of Detention
          Appellant first asserts that the evidence was legally and factually insufficient
to support his conviction because his detention was unlawful. Appellant claims that
his detention was unlawful because the deputies detained him on the basis of an
anonymous tip, which alone does not establish reasonable suspicion necessary to
justify an investigative detention. Appellant argues that, if the initial detention was
unlawful because it was based only on an anonymous tip, then he could not have
committed the offense of evading detention. See Smith v. State, 739 S.W. 2d 848, 851
(Tex. Crim. App. 1987) (holding that, if peace officer’s attempt to detain or arrest
suspect is unlawful, there can be no offense of evading arrest). 
          Law enforcement officers may stop and briefly detain persons suspected of
criminal activity on less information than is constitutionally required for probable
cause to arrest. Terry v. Ohio, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968). “The
same standards will apply whether the person detained is a pedestrian or is the
occupant of an automobile.” Carmouche v. State, 10 S.W. 3d 323, 328 (Tex. Crim.
App. 2000). To initiate an investigative stop, the investigating officer must possess
“a reasonable suspicion based on specific articulable facts that, in light of the
officer’s experience and general knowledge, would lead the officer to the reasonable
conclusion that criminal activity is underway and that the detained person is
connected to the activity.” King v. State, 35 S.W. 3d 740, 743 (Tex. App.—Houston 
[1st Dist.] 2000, no pet.) (quoting Willhite v. State, 937 S.W.2d 604, 606 (Tex.
App.—Houston [1st Dist.] 1996, pet. ref’d)).
          Reasonable suspicion is dependent on both the content of the information
possessed and its degree of reliability. Alabama v. White, 496 U.S. 325, 330, 110 S.
Ct. 2412, 2416 (1990). Information observed firsthand by a police officer is highly
reliable, while anonymous tips are less reliable. Compare Terry, 392 U.S. at 22-23,
88 S. Ct. at 1880-81 (holding personally observed criminal activity creates articulable
facts that give rise to reasonable suspicion) with Florida v. J.L., 529 U.S. 266, 269-70, 120 S. Ct. 1375, 1378 (2000) (holding anonymous tips are less reliable than
firsthand observation by a police officer). A tip by an anonymous informant of
undisclosed reliability, standing alone, will rarely establish the requisite level of
suspicion necessary to justify an investigative stop. See J.L., 529 U.S. at 269-70, 120
S. Ct. at 1378. However, there are situations in which an anonymous tip, suitably
corroborated, exhibits “sufficient indicia of reliability to provide reasonable suspicion
to justify the investigatory stop.” Id. (citing Alabama v. White, 496 U.S. at 328, 110
S. Ct. at 2415). 
           The record shows that the deputies acted in part on an anonymous call. The
deputies received a dispatch to investigate a purple-colored Dodge Neon, with a
particular license plate number, in a specific area, containing two males allegedly
“dumping stolen property.” Two deputies, one of whom had 11 years of experience
patrolling this particular area, knew from experience that the area was a popular site
for dumping stolen cars. The deputies went to the reported area and observed a
purple-colored Dodge Neon carrying two males. Appellant was one of these two
males. 
          The anonymous tip was detailed in that it listed a specific area in which the
allegedly stolen car was to be found; a specific make, model, color of car, and license-plate number; and a specific number of occupants in the car. Nearly every detail of
the anonymous tip was corroborated by the deputies’ personal observations when the
deputies saw a car matching the description given by the tipper, carrying the same
number of occupants, and in the same area where the tipper stated that it would be. 
Therefore, the anonymous tip had sufficient indicia of reliability. See State v. Garcia,
25 S.W.3d 908, 913 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (holding
“[c]orroboration by a police officer means, in light of the circumstances, he confirms
enough facts so that he may reasonably conclude that the information provided is
reliable and detention is justified”). Further, the reliability of the anonymous tip was
bolstered by the deputies’ familiarity with the area and the area’s notoriety for being
a dumping site for stolen property. Reliability of the anonymous tip was also
enhanced by the predictive nature of the tip. See Guevara v. State, 6 S.W.3d 759,
763-64 (Tex. App.—Houston [1st Dist.] 1999, pet. ref’d) (citing Alabama v. White,
496 U.S. at 331-32, 110 S. Ct. at 2417) (emphasizing importance of predictive nature
of anonymous tip in providing reliability). Therefore, the evidence was legally and
factually sufficient to support appellant’s conviction with respect to the deputies’
lawful detention of appellant. 
B.      Variance
          Appellant next asserts that the evidence was legally and factually insufficient
to support his conviction because a fatal variance existed between the information
charging the appellant with the offense of evading detention and the evidence at trial. 
Appellant contends that Deputy Christian, the deputy named in the information, was
not the same deputy who detained appellant.
          A material variance occurs when a discrepancy exists between the allegations
in the charging instrument and the proof at trial. See Gollihar v. State, 46 S.W.3d
243, 246 (Tex. Crim. App. 2001) (defining variance as situation in which evidence
introduced by State failed to prove offense alleged in indictment). In other words, a
variance exists when the State has proven the defendant guilty of a crime, but has
proven its commission in a manner that differs from the allegations in the charging
instrument. Id. 
          Here, the record shows that Deputies Anderson, Brown, and Christian were all
attempting to detain appellant and the driver of the stolen car. All three deputies
arrived on the scene at the same time, and all attempted to participate in appellant’s
capture. Although Deputy Brown was the only officer actually to handcuff appellant,
appellant was attempting to flee from all of the officers, including Deputy Christian. 
Therefore, there was no variance between the information and the evidence presented
at trial. 
          The evidence was thus legally and factually sufficient to support appellant’s
conviction because no fatal variance existed between the information and the
evidence at trial.
C.      Intentional Flight
          Appellant also claims that the evidence was legally and factually insufficient
to support his conviction because the State did not show that he had “intentionally
fled” from the sheriff’s deputies. Appellant contends that, because the deputy
apprehended him before he actually “ran” from the scene, he did not “flee” within the
meaning of Texas Penal Code section 38.04. See Tex. Pen. Code Ann. § 38.04
(Vernon 2003). 
           Intent is a fact question for the jury and may be inferred from the acts and
conduct of the accused. See Manrique v. State, 994 S.W.2d 640, 649 (Tex. Crim.
App. 1999). Because of its nature, intent must generally be inferred from the
circumstances under which the prohibited act occurs. Hernandez v. State, 819
S.W.2d 806, 810 (Tex. Crim. App. 1991). Although evidence may be in conflict, it
is for the jury, as trier of fact, to resolve any conflicts and inconsistencies in the
evidence. Bowden v. State, 628 S.W.2d 782, 784 (Tex. Crim. App. 1982). 
          The record shows that the car in which appellant was riding was being pursued
by two patrol cars with activated lights and sirens at the time that appellant allegedly
attempted to evade arrest. While being pursued, the driver fled from the moving car. 
As soon as it was safe to do so, appellant also jumped out of the car and was
attempting to get up when he was seized by Deputy Brown. After appellant jumped
out of the car, but before he was seized, he was facing the opposite direction from the
deputies and ignored their commands to stay down on the ground. Thus, appellant
refused to comply with a lawful order, knowing that the order came from a police
officer. See Green v. State, 892 S.W.2d 217, 218-19 (Tex. App.—Texarkana 1995,
pet. ref’d) (finding evidence sufficient to support defendant’s conviction for evading
detention when defendant had disobeyed police officer’s instructions to come to
patrol car). 
          Therefore, we cannot say that the evidence is legally and factually insufficient
to support appellant’s conviction because there was sufficient evidence to show that
appellant had “intentionally fled” from the sheriff’s deputies, including Deputy
Christian. 
D.      Knowledge Deputies Were Detaining Appellant
          Finally, appellant claims that the evidence was legally and factually insufficient
to support his conviction because the State did not present evidence that he knew that
the deputies were attempting to detain him, rather than the driver. 
          Here, there is ample evidence to demonstrate that appellant knew that the
deputies were attempting to detain him. The car in which appellant was riding was
stolen and was being pursued by two patrol cars. The driver had already jumped out
of the car and had begun to flee on foot when appellant attempted to jump out of the
car. At that time, the deputies were yelling, “Stop, get on the ground.” Appellant was
attempting to get up when he was seized and handcuffed. Appellant’s attempts to get
up were in complete disobedience of the deputies’ orders. Appellant may have
jumped out of the moving car for his own safety because the driver had already
abandoned the car and because it was heading towards a shallow ditch. However,
after jumping out of the car, appellant disregarded the deputies’ commands to stay
down on the ground. At this time, the driver of the car had already fled on foot.           Therefore, we hold that the evidence is legally and factually sufficient to
support appellant’s conviction because there was sufficient evidence to show that he
knew that the deputies were attempting to detain him. 
          We overrule appellant’s first point of error.
Hearsay
          In his second point of error, appellant contends that the trial testimony of two
deputies was inadmissible hearsay. Appellant claims that the trial court erred by
allowing the deputies to testify about the contents of a 9-1-1 call of which they
allegedly did not have personal knowledge. 
          Hearsay is as an out-of-court statement offered for the truth of the matter
asserted. Tex. R.Civ. Evid. 801(d). A statement that is not offered to prove the truth
of the matter asserted, but is offered for some other reason, is not hearsay. Jones v.
State, 843 S.W.2d 487, 499 (Tex. Crim. App. 1991). We review a trial court’s
decision to admit or exclude evidence under an abuse-of-discretion standard; we will
thus not reverse a trial court’s ruling unless that ruling falls outside the zone of
reasonable disagreement. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002); Roberts v. State, 29 S.W.3d 596, 600 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d).
          Here, the deputies’ testimony about the contents of the 9-1-1 call was
admissible to show that the deputies had reasonable suspicion to detain appellant. 
See McVickers v. State, 874 S.W.2d 662, 664 (Tex. Crim. App. 1993) (holding that
hearsay is generally admissible to determine whether reasonable suspicion exists for
stop). We hold that the trial court did not abuse its discretion by allowing this
testimony. See Torres, 71 S.W.3d at 760. 
We overrule appellant’s second point of error. 
Relevancy and Undue Prejudice
          In his third point of error, appellant contends that the testimony from the owner
of the stolen car in which appellant was a passenger was inadmissible because such
testimony was irrelevant or, alternatively, unduly prejudicial.
          All relevant evidence is admissible, except as otherwise provided by the
constitution, by statute, or by rules prescribed pursuant to statutory authority. See
Tex. R. Civ. Evid. 402. Relevant evidence is evidence having a tendency to make
the existence of any fact that is of consequence to the determination of the action
more or less probable than it would be without the evidence. See Tex. R. Civ. Evid.
401. Relevant evidence may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. See Tex. R.Civ. Evid. 403. 
          At a pre-trial hearing on appellant’s motion to suppress, appellant argued that
evidence that the car in which he was riding was stolen should be excluded at trial. 
Although appellant did not specifically mention Rule 403, he contended that this
evidence should be excluded because the jury would have a hard time disregarding
the fact that the car in which appellant was riding at the time that he evaded arrest was
stolen. Therefore, appellant’s basic argument was that the admission of such
evidence would be unduly prejudicial to him. The trial court ruled that his motion to
suppress would be carried with trial. Therefore, appellant was required to object
timely at trial. See Calloway v. State, 743 S.W.2d 645, 649 (Tex. Crim. App. 1988). 
          Although appellant objected at trial that evidence of the stolen car was
irrelevant, he did not object that this evidence was inadmissible as unduly prejudicial. 
Therefore, appellant waived his unduly-prejudicial objection. See Goff v. State, 931
S.W.2d 537, 551 (Tex. Crim. App. 1996) (holding that, when complaint on appeal
does not comport with objection at trial, error is not preserved on this complaint). 
          With respect to appellant’s objection that evidence of the stolen car was
irrelevant, we hold that such testimony was relevant to show appellant’s motivation
for attempting to evade detention. Therefore, the trial court did not abuse its
discretion by allowing testimony by the owner of the stolen car. See Torres, 71
S.W.3d at 760.
We overrule appellant’s third point of error. 
Conclusion
          We affirm the trial court’s judgment.
 
                                                                        Tim Taft
                                                                        Justice

Panel consists of Justices Taft, Keyes, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).