In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00201-CR


______________________________




BRANDON HORNE, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 32023-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 After clocking Brandon Horne driving forty-five miles per hour in a thirty-five-mile-per-hour
zone, State Trooper Kendall Belt turned on his vehicle's overhead lights and pursued Horne's vehicle,
but Horne did not stop. Nor did Horne stop when Belt activated the siren. Instead, Horne stuck his
arm out his window and motioned for Belt to follow him. Even after Belt pulled up beside Horne's
vehicle and used his vehicle's public address system to direct Horne to pull over, Horne shook his
head and kept driving. Finally, Belt pulled his vehicle in front of Horne's vehicle and blocked its
path. In response, Horne drove onto the curb to circumvent Belt's car. Horne stopped only after later
reaching his own mother's house. Horne had not stopped because he knew he had city warrants
outstanding against him; he wanted to get his vehicle to his mother's house for safekeeping so it
would not get towed to an impound lot.

 A Gregg County jury convicted Horne of evading detention in a motor vehicle and assessed
his punishment at fifteen months' confinement in a state-jail facility. See Tex. Penal Code Ann.
§ 38.04 (Vernon 2003). Horne appeals.

 We affirm the judgment of the trial court because we hold that (1) legally sufficient evidence
supports the verdict, (2) the trial court properly refused to submit an alleged lesser included offense,
and (3) the trial court was within its discretion in overruling the mistrial motion.



(1) Legally Sufficient Evidence Supports the Verdict

 Horne asserts that the trial court should have instructed a "not guilty" verdict. A point of
error complaining about a trial court's failure to grant a motion for directed or instructed verdict is
a challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.
Crim. App. 1996); Cook v. State, 858 S.W.2d 467, 470 (Tex. Crim. App. 1993). In this case, Horne
made no clear request for an instructed or directed verdict, and we have no such ruling to address. 
But, because Horne in essence challenges the legal sufficiency of the evidence to support his
conviction on this direct appeal, we address that issue, regardless of whether it was raised in the trial
court. See Moff v. State, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004).

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In essence, Horne complains that the evidence is legally insufficient to prove he "fled" from
Belt, or that he had any intention to flee--but, instead, showed that Horne signaled Belt to follow
him to his mother's house because he did not want to have his car towed. Horne's argument suggests
that flight requires an element of speed, an element of intent to ultimately be free of an officer's
control, or both. We disagree.

 Surprisingly, there is little precedent addressing the meaning of the word "flee." Dictionaries
generally agree that to "flee" means to run away or try to, in some fashion, avoid the person from
whom you are fleeing. (1) We recently held that "fleeing slowly is still fleeing." See Mayfield v. State,
219 S.W.3d 538, 540 (Tex. App.--Texarkana 2007, no pet.). Two other cases are also instructive.

 In 1995, in considering a bicyclist who was unwilling to stop for an officer, this Court noted
that the refusal to comply with the officer's request to stop could be considered an attempt to evade
detention. Green v. State, 892 S.W.2d 217, 219 (Tex. App.--Texarkana 1995, pet. ref'd). The
previous year, the Corpus Christi Court of Appeals had opined that a person trying to crawl away
from an officer could be "evading" arrest. Leos v. State, 880 S.W.2d 180, 184 (Tex. App.--Corpus
Christi 1994, no pet.).

 Although it may seem incongruous to think that someone proceeding slowly, or even
crawling, away from an officer is "fleeing," the cases indicate that "fleeing" is anything less than
prompt compliance with an officer's direction to stop. Thus, such a delayed compliance legitimately
can be found to be an attempt to evade arrest or detention. See People v. Sanchez, 103 Cal. Rptr. 2d
809, 814 (Cal. Ct. App. 2001).

 We conclude that, though the evidence indicates Horne had no intent to ultimately escape the
officer, it does show that Horne was attempting to evade arrest, even if only for the few minutes it
took for him to park his car in front of his mother's house. We hold that the evidence was legally
sufficient to support the verdict. We overrule this contention of error.

(2) The Trial Court Properly Refused to Submit an Alleged Lesser Included Offense

 Horne also contends that the trial court erred by refusing to honor his request to submit an
allegedly lesser included offense to the jury. We disagree.

 Horne was originally charged with evading arrest under Section 38.04 of the Texas Penal
Code. That section provides that a person commits the offense of evading arrest or detention when
he or she "intentionally flees from a person he knows is a peace officer attempting lawfully to arrest
or detain him." Tex. Penal Code Ann. § 38.04(a). The offense becomes a state-jail felony on
proof that "the actor uses a vehicle while the actor is in flight" but "has not been previously convicted
under" Section 38.04. Tex. Penal Code Ann. § 38.04(b)(1).

 Horne asserts that he was entitled to have submitted to the jury an alleged lesser included
offense of fleeing or attempting to elude a police officer, under Section 545.421(a) of the Texas
Transportation Code, usually a class B misdemeanor. That section provides that a person commits
the offense when "the person operates a motor vehicle and willfully fails or refuses to bring the
vehicle to a stop or flees, or attempts to elude, a pursuing police vehicle when given a visual or
audible signal to bring the vehicle to a stop." Tex. Transp. Code Ann. § 545.421(a) (Vernon 1999). 
The statute also requires that the officer must be in uniform and must prominently display his or her
badge, that the officer's vehicle must be "appropriately marked as an official police vehicle," (2) and
that the officer's signal may be by hand, voice, emergency lights, or siren. Tex. Transp. Code Ann.
§ 545.421(b) (Vernon 1999).

 Although this is the first time this Court has been confronted with a claim referencing these
two crimes, two of our sister courts of appeals have addressed this very claim. Unfortunately, those
two courts have come to opposite conclusions about the most basic question: whether fleeing under
Section 545.421(a) of the Texas Transportation Code, a class B misdemeanor, is a lesser included
offense of evading arrest under Section 38.04 of the Texas Penal Code, a state-jail felony.

 The Fort Worth Court of Appeals treated the misdemeanor as a lesser included offense of the
state-jail felony. See Walker v. State, 95 S.W.3d 516 (Tex. App.--Fort Worth 2002, pet. ref'd). On
the other hand, the Houston First Court of Appeals concluded, after comparing the elements of the
two offenses, that the misdemeanor was not a lesser included offense of the felony and that the trial
court had thus erred by charging the jury on the misdemeanor as a lesser included offense. See
Farrakhan  v.  State,  No.  01-04-01205-CR,  2006 Tex. App. LEXIS 10317 (Tex.  App.--Houston
 [1st  Dist.] Nov. 30, 2006, pet. granted). Because precedents disagree, and the Texas Court of
Criminal Appeals has not ruled on this point, we conduct our own analysis.

 In deciding whether a jury should be instructed on a lesser included offense, courts apply the
two-pronged Aguilar/Rousseau test. (3) That test's first prong (4) requires a determination of whether the
requested offense actually is a lesser included offense of the offense charged, as defined by Article
37.09 of the Texas Code of Criminal Procedure. Hall, 158 S.W.3d at 473.

 Article 37.09 provides, germanely, that an offense is a lesser included offense if "it is
established by proof of the same or less than all the facts required to establish the commission of the
offense charged." Tex. Code Crim. Proc. Ann. art. 37.09(1) (Vernon 2006). An offense is a lesser
included offense if it is (1) included within the proof necessary, under the statute and the indictment,
to establish the offense charged; and (2) there is evidence from which a rational trier of fact could
find that, if the defendant is guilty, he or she is guilty of only the lesser offense. Hall v. State, No.
PD-1594-02, 2007 Tex. Crim. App. LEXIS 625, at *34-36 (Tex. Crim. App. May 9, 2007); see
Campbell v. State, 149 S.W.3d 149, 152 (Tex. Crim. App. 2004); see also Tex. Code Crim. Proc.
Ann. art. 37.09 (Vernon 2006). "The relevant test is whether the lesser offense could be proved by
the same facts necessary to establish the offense charged." Pickens v. State, 165 S.W.3d 675, 679
(Tex. Crim. App. 2005); Jones v. State, 586 S.W.2d 542, 545 (Tex. Crim. App. 1979). In conducting
that review, we are to compare the elements (5) of the two offenses without any reference to the facts
or evidence in the particular case. Hall, 2007 Tex. Crim. App. LEXIS 625, at *34-36. (6)

 The Texas Court of Criminal Appeals, in reviewing the third-degree felony version of the
Section 38.04 offense, described the elements of that crime as follows:

 The plain language of this statute demonstrates that the third-degree offense of
evading arrest is committed when a person (1) intentionally (2) flees (3) from a
person (4) he knows is a peace officer (5) attempting to lawfully arrest or detain him
and (6) the actor uses a vehicle while in flight and (7) the actor has been previously
convicted of evading arrest.


Calton v. State, 176 S.W.3d 231, 234 (Tex. Crim. App. 2005). Elements of an offense are those in
the basic offense, plus elements changing the offense or the class or degree of the offense, but do not
include sentence enhancements within an offense class or degree. Id. at 233-34. Ignoring element
(7) from Calton's list of elements, which applies only to the higher, third-degree, felony offense
involved in that case, the remaining six items are clearly elements of the offense charged here. See
Hall, 2007 Tex. Crim. App. LEXIS 625, at *34-36. The offense elements under Section 545.421
of the Texas Transportation Code have been addressed directly only by the Farrakhan decision. See
Farrakhan, 2006 Tex. App. LEXIS 10317, at *19-38.

 The elements of the two offenses can be analyzed as follows:


Fleeing or Attempting to Elude:

 Transportation Code § 545.421(a), (b)




Defendant operates a motor vehicle. (a)



Defendant has willful state of mind. (a)



Defendant flees, attempts to elude, or fails to
stop. (a)



Defendant does the above while a police
vehicle is pursuing him or her. (a)




----------




----------



Defendant does it after having been given a
visual or audible signal to stop. (a)



Officer must be uniformed and prominently
display badge. (b)



Officer's vehicle must be appropriately
marked as an official police vehicle. (b)
Evading Arrest or Detention: 

 Penal Code § 38.04(a), (b)(1)




Defendant uses a motor vehicle. (b)(1)



Defendant has intentional state of mind. (a)



Defendant flees. (a)





----------



Defendant knows that the person from whom
he or she flees is a peace officer. (a)



Defendant knows the officer is attempting
lawfully to arrest or to detain him or her. (a)




----------




----------




----------


 Farrakhan ultimately concluded that the misdemeanor, fleeing, was a not lesser included
offense of the felony, evading arrest, because the misdemeanor had elements not included within the
elements of the felony. We agree that there is little difference between "operating" and "using" a
motor vehicle, or between "willful" and "intentional" culpable mental states. We also agree that the
misdemeanor is not a lesser included offense of the felony.

 Under Section 545.421 of the Texas Transportation Code, the forbidden conduct is for a
driver to fail to stop his or her vehicle, or to flee or to attempt to elude a pursuing police vehicle after
being directed by a visual or audible signal to stop. The required culpability is that the action be
willful. 

 The remaining sections require proof that the officer is uniformed and displaying a badge and
that the vehicle is marked. They also provide that the officer's signal to stop be made by one of
several methods. Those provisions are apparently meant to ensure that a driver being pulled over
had clear and undeniable notice that he or she was being stopped by an officer of the law. Arguably,
the requirements are supplemental methods that may be used to prove that, despite all of these
markers showing that the directions to stop were being given by a police officer, the driver willfully
ignored the officer's directions. (7)

 According to the statutory language, however, these elements in the table above must be
proven to obtain a conviction for fleeing, under the Texas Transportation Code. We conclude that
these are not merely auxiliary evidentiary options to help prove a defendant's culpable state of mind. 
Because we hold they are elements of the offense, we find ourselves in agreement with the
Farrakhan delineation of the elements of that offense, and we agree that the misdemeanor is not a
lesser included offense of the felony.

 Therefore, the trial court did not err by failing to charge the jury on the misdemeanor offense
of fleeing, under the Texas Transportation Code, because it was not a lesser included offense of the
Texas Penal Code's evading arrest. We overrule this contention of error.

(3) The Trial Court Was Within Its Discretion in Overruling the Mistrial Motion

 Horne also contends that the trial court erred by refusing to declare a mistrial after the State
argued about punishment during its closing argument at guilt/innocence. We review a trial court's
denial of a mistrial under an abuse of discretion standard. Trevino v. State, 991 S.W.2d 849, 851
(Tex. Crim. App. 1999). Mistrial is an extreme remedy for prejudicial events occurring during the
trial process. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996).

 In the complained-of argument, the State argued:

 Let's hold him responsible and find him guilty of evading detention, because that's
what he did. Punishment is later, guilt-innocence is now. If you don't want to hold
him to the highest punishment, that's up to you -


 [Defense Counsel]: Your Honor, I'm going to object. She's talking about
punishment. It's not an appropriate time to do that and it would be improper.


 THE COURT: I will sustain. The issue at this point is the guilt-innocence
of the defendant.


Counsel asked for an instruction to disregard, which the court gave, then made a motion for mistrial,
which the court denied. 

 A grant of a motion for mistrial should be reserved for those rare cases in which an objection
could not have prevented, and an instruction to disregard could not cure, the prejudice stemming
from an event at trial, that is, where an instruction would not enable the jury to continue the trial
fairly. Young v. State, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004).

 The sole argument raised on appeal is that this argument was of such a nature that it would
inflame the minds of jurors by arguing that Horne should be found guilty of this offense, because any
attempt to avoid immediately stopping at an officer's command constituted evading arrest or fleeing,
but that the jurors could later decide how much punishment his actions deserved. In support of that
argument, counsel directs our attention to McClure v. State, 544 S.W.2d 390, 393 (Tex. Crim. App.
1976). McClure found reversible error in an argument where the State made repeated pleas to the
jury to consider the amount of punishment, rather than the facts, in determining the offense for which
appellant should be convicted. 

 This situation is not comparable to the one in McClure. Here, we do not have a series of
repeated statements made despite the instructions of the trial court, nor do we have an attempt to
convince a jury to use one offense instead of another because it had a higher punishment. In this
case, there was no alternative offense for which Horne could be convicted under this charge. The
State informed the jury that there would be a punishment stage and that it would determine at that
time whether the offense deserved the maximum sentence or less.

 We do not find this single statement to be such that an instruction to disregard would be
ineffectual. Thus, the trial court did not abuse its discretion by overruling the motion for mistrial.


 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 6, 2007

Date Decided: June 19, 2007


Publish
1. Fleeing is defined as running away often from danger or evil, hurrying toward a place of
security, or passing away swiftly. Merriam-Webster's Collegiate Dictionary 478 (11th ed.
2006).
2. This Court has wrestled with this particular pair of statutes more than once recently. For
analysis of yet a different type of problem connected with these statutes, see McDonald v. State,
No. 06-06-00203-CR, 2007 Tex. App. LEXIS 1870 (Tex. App.--Texarkana Mar. 9, 2007, no pet.)
(mem. op., not designated for publication).
3. Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993); Aguilar v. State, 682
S.W.2d 556 (Tex. Crim. App. 1985).
4. The second prong of the Aguilarem>/Rousseau test asks whether the record contains some
evidence that would permit a rational jury to find that the defendant is guilty only of the lesser
included offense. In making this decision, the court evaluates the evidence in the context of the
entire record, but does not consider whether the evidence is credible, controverted, or in conflict with
other evidence. Stadt v. State, 182 S.W.3d 360, 363 (Tex. Crim. App. 2005); Hayward v. State, 158
S.W.3d 476, 478 (Tex. Crim. App. 2005); Hall v. State, 158 S.W.3d 470, 473 (Tex. Crim. App.
2005). But, because we find that Section 545.421(a) of the Texas Transportation Code is not a lesser 
included offense to Section 38.04 of the Texas Penal Code, we do not reach the second prong of the
Aguilar/Rousseau test.
5. "'Element of offense' means: (A) the forbidden conduct; (B) the required culpability; (C) any
required result; and (D) the negation of any exception to the offense." Tex. Penal Code Ann.
§ 1.07(a)(22) (Vernon Supp. 2006).
6. Hall swept away a considerable body of caselaw holding that the evidence presented at trial
factored into that determination. It is now clear: the evidence should not be considered in applying
prong one of the test. Hall, 2007 Tex. Crim. App. LEXIS 625, at *34-36.
7. See a similar discussion in Calton, 176 S.W.3d at 237.