

# NUMBER 13-07-00566-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ELIAS GARCIA, JR.,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                  Appellee.

## On appeal from the 24th District Court
## of Victoria County, Texas.

## MEMORANDUM OPINION[1]

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Elias Garcia, Jr. appeals from his conviction for the felony offense of

evading arrest or detention with a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)

---

[1]As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

(Vernon Supp. 2009). The offense was enhanced to a third-degree felony because of a prior conviction for evading arrest or detention. *See id*. § 38.04(b)(2)(A). The jury found Garcia guilty of the offense, assessed punishment at four years' confinement in the Institutional Division of the Texas Department of Criminal Justice, and imposed a $5,000 fine. By his sole issue, Garcia contends that the evidence is legally insufficient to show that he intentionally fled from the officer or that he knew the officer was attempting to detain him. We affirm.

## STANDARDS OF REVIEW AND APPLICABLE LAW

In reviewing the legal sufficiency of the evidence, an appellate court examines the evidence in the light most favorable to the State to determine whether any rational finder of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Watson v. State*, 204 S.W.3d 404, 414-17 (Tex. Crim. App. 2006). The standard is the same for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex. Crim. App. 1984) (en banc).

The trier of fact is the sole judge of the facts, the credibility of the witnesses, and the weight given to testimony. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Jackson*, 443 U.S. at 318-39; *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). We do not reevaluate the weight and credibility of the evidence, whether circumstantial or direct, nor do we substitute our own judgment for that of the trier of fact. *Mosley v. State*, 141 S.W.3d 816, 821 (Tex. App.–Texarkana 2004, pet. ref'd); *Beckham*, 29 S.W.3d at 151. Instead, we consider whether the jury reached a rational decision. *Beckham*, 29 S.W.3d at 151.

2

A person commits the offense of evading arrest or detention "if he intentionally flees from a person he knows is a peace officer attempting to lawfully arrest or detain him." TEX. PENAL CODE ANN. § 38.04(a). A person acts intentionally with respect to the result of his conduct when it is his conscious objective or desire to cause the result. *Id.* § 6.03(a) (Vernon 2003). Intent is a fact question for the jury and may be inferred from the acts and conduct of the accused and from the circumstances under which the prohibited acts occur. *See Manrique v. State*, 994 S.W.2d 640, 649 (Tex. Crim. App. 1999) (en banc); *Hernandez v. State,* 819 S.W.2d 806, 810 (Tex. Crim. App.1991) (en banc). "A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist." TEX. PENAL CODE ANN. § 6.03(b) (Vernon 2003).

## LEGAL SUFFICIENCY ANALYSIS

By his single issue on appeal, Garcia first contends that the evidence was legally insufficient to support his conviction because the State did not show that he intentionally fled from the officer. *See id.* § 38.04(a). The record reveals, however, that on October 1, 2006, Victoria Police Department Officer Michael Smith was on standard patrol checking license plates. After checking the plates of an "older model Town [c]ar," he found that the car's registration had expired in 2005 and began his pursuit of that car. As Officer Smith followed Garcia who was the driver of the Town Car, Garcia increased his speed from 35 miles per hour to between 50 and 55 miles an hour through a neighborhood, slowing on one occasion, but not stopping as he turned a corner. When Officer Smith came within 100 yards of Garcia's vehicle, the officer activated his overhead lights. At that time, the officer observed the vehicle sweep or swerve to the left and turn right onto a

3

street and into a cul-de-sac. Garcia was attempting to get out of the cul-de-sac when the two cars met at its entrance. In addition, Garcia's actions after exiting his vehicle support a determination that his intent was to flee from the police officer. Garcia repeatedly refused to get on the ground as Officer Smith instructed and yelled at the officer. He then ran and jumped a fence to evade Officer Smith. *See Green v. State,* 892 S.W.2d 217, 218-19 (Tex. App.–Texarkana 1995, pet. ref'd) (finding evidence sufficient to support a defendant's conviction for evading detention when the defendant had disobeyed police officer's instructions to come to a patrol car); *Leos v. State*, 880 S.W.2d 180, 184 (Tex. App.–Corpus Christi 1994, no pet.) (opining that a person trying to crawl away from an officer could be "evading" arrest).

Garcia also claims by his sole issue that the evidence was legally insufficient to support his conviction because the State did not present evidence that he knew the officer was attempting to detain him. *See* TEX. PENAL CODE ANN. § 38.04(a). Early in the pursuit, Garcia may not have known that Officer Smith was attempting to detain him. However, the facts show that, as the pursuit continued, Garcia's speed increased, his driving became erratic, and, after the officer activated his overhead lights, instead of stopping, Garcia made a quick sweep left before turning right. He entered and attempted to get out of a cul-de-sac before stopping beside the patrol car at its entrance. After exiting the vehicle, Garcia also disregarded the officer's commands to get on the ground. Garcia's refusal to do so and his successful attempt to jump the fence and escape were in complete disobedience of the officer's orders.

After examining the evidence in the light most favorable to the verdict, we conclude that there is legally sufficient evidence to show that Garcia intentionally fled from the officer

4

and that he knew the officer was attempting to detain him. A rational trier of fact could have inferred that Garcia intentionally fled from Officer Smith and could have found that Garcia knew the officer was attempting to arrest or detain him. *See Jackson*, 443 U.S. at 319; *Manrique*, 994 S.W.2d at 649. The fact finder could have found beyond a reasonable doubt that Garcia evaded arrest using a vehicle. *See Jackson*, 443 U.S. at 319. We therefore conclude the evidence was legally sufficient to support Garcia's conviction. Garcia's sole issue is overruled.

## CONCLUSION

We affirm the judgment of the trial court.

_____

_____
_____  NELDA V. RODRIGUEZ
                                           Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 4th
day of February, 2010.