

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00320-CR
_____

JUADE RIQUE GONZALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEES

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 72,174-A; Honorable Dan L. Schaap, Presiding

March 28, 2019

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Appellant, Juade Rique Gonzales, was convicted following a jury trial of the offense of evading arrest with a vehicle,[1] enhanced by two prior felony convictions,[2] and was

---

[1] TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West 2016) (felony of the third degree).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2018) (as enhanced the offense was punishable by confinement for life, or for any term of not more than 99 years or less than 25 years).

sentenced to twenty-five years confinement.  In a single issue, Appellant asserts there was insufficient evidence to positively identify him as the driver of the motorcycle who evaded a police officer.  The trial court's judgment is affirmed.

BACKGROUND

In August 2011, an indictment issued alleging Appellant intentionally fled while using a vehicle from Jaycin Smothermon, a person Appellant knew as a peace officer, who was attempting to lawfully arrest or detain him.  In July 2017, a jury trial was held.

At trial, the State's evidence established that on February 19, 2016, at 1:58 a.m., Officer Smothermon observed a motorcycle swerving within its lane before crossing over into an oncoming traffic lane while making a right turn.  He ran the license number and discovered it had expired.  He then initiated a traffic stop by turning on his red and blue overhead lights.  There were no other drivers on the road.

The driver continued down the street periodically looking over his shoulder to determine the location of the patrol car.  After several turns, the motorcycle ran a stop sign, veered into a parking lot, and struck a dip in the roadway.  The driver flew off the motorcycle, skidded on the pavement, and rolled.  He immediately discarded his helmet and bolted.  Officer Smotherman was unable to give chase because of the location of the wrecked motorcycle.  However, he observed the driver run through a vacant lot and jump a chain-link fence.

By 2:01 a.m., a perimeter had been established to capture the driver and K-9 Officer Robert West arrived with Hico, a dog trained to track suspects from where they were last seen.  After several warnings over his public address system asking the driver

2

to surrender or possibly be bitten, Officer West set out from the location where Officer Smotherman had last seen the driver jumping the fence. Hico picked up the scent and began tracking without distraction. The dog soon discovered Appellant approximately three houses from the location where he was last seen by Officer Smothermon. He was hiding underneath a derelict car against a fence in the backyard of a house with several apartments. At 2:08 a.m., Appellant was taken into custody.

In addition to a dog bite on his leg, Appellant complained that his right shoulder was in pain. He was taken to a hospital where it appeared, he had recently sustained injury to his right shoulder and back. Officer Smothermon, a motorcyclist himself, opined that the injuries were consistent with "road rash." At the time of Appellant's arrest for evading, he had five outstanding municipal warrants for driving without a valid license, not wearing a seat belt, possession of drug paraphernalia, and a second offense of driving without a valid license.

APPLICABLE LAW

The only standard recognized by the Texas Court of Criminal Appeals in reviewing the sufficiency of the evidence necessary to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, this court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential

3

elements of the crime beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 623 (Tex. Crim. App. 2017).

The fact finder is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the fact finder's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State,* 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). In doing so, we give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jenkins v. State,* 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Faced with a record supporting contradicting inferences, a reviewing court must presume that the fact finder resolved any such conflicts in favor of the verdict, even if not explicitly stated in the record. *Queeman*, 520 S.W.3d at 622. Each fact need not point directly and independently to the appellant's guilt, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Jenkins*, 493 S.W.3d at 599*.* "The duty of the reviewing court is simply to ensure that the evidence presented supports the jury's verdict and that the State has presented a legally sufficient case of the offense charged." *Queeman*, 520 S.W.3d at 621. "Under this standard, evidence may be legally insufficient when the record contains either no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013) (citing *Jackson*, 443 U.S. at 320).

Legal sufficiency of the evidence is measured against the elements of the offense as defined by a hypothetically correct jury charge. *Thomas v. State*, 444 S.W.3d 4, 8

4

(Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of guilt, and adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik*, 953 S.W.2d at 240. In our review, we must evaluate all of the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins*, 493 S.W.3d at 599; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

The elements of evading arrest or detention are (1) intentionally fleeing (2) from a person whom the defendant knows is a peace officer that is (3) trying to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a) (West 2016). The intentionally fleeing party need only know that a peace officer was trying to lawfully arrest or detain him. *Rodriguez v. State*, 799 S.W.2d 301, 302-03 (Tex. Crim. App. 1990); *Thompson v. State*, 426 S.W.3d 206, 209 ((Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). "If proven by the evidence, a refusal to comply with a lawful order, knowing the order came from a police officer, constitutes the offense of evading detention." *Brown v. State*, 498 S.W.3d 666, 671 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd) (quoting *Green v. State*, 892 S.W.2d 217, 218 (Tex. App.—Texarkana 1995, pet. ref'd)).

Identity may be proven by direct or circumstantial evidence, coupled with all reasonable inferences from that evidence. *Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016), *cert. denied*, ___ U.S. ___, 137 S. Ct. 1207, 197 L. Ed. 2d 251 (2017). The absence of a formal, in-court identification does not render the evidence insufficient on the issue of identity. *Espinoza v. State,* No. 02-18-00324-CR, 2019 Tex. App. LEXIS

5

1317, at *15 (Tex. App.—Fort Worth Feb. 21, 2019, pet. filed) (mem. op., not designated for publication); *Ocanas v. State*, No. 07-17-00313-CR, 2018 Tex. App. LEXIS 7449, at *6 (Tex. App.—Amarillo, Sept. 6, 2018, no pet.) (mem. op., not designated for publication).

ANALYSIS

Here, the evidence indicates that Officer Smothermon turned on his overhead emergency lights signaling a traffic stop after the driver of the motorcycle committed several traffic violations. *Stewart v. State*, No. 07-17-00007-CR, 2018 Tex. App. LEXIS 7792, at *7 (Tex. App.—Amarillo Sept. 25, 2018, no pet.) (mem. op., not designated for publication) (evidence of the attempt by the officer to arrest or detain a person generally consists of a display of authority by use of overhead emergency lights and siren). The driver responded by intentionally fleeing from Officer Smotherman while looking over his shoulder during the pursuit. *See Moore v. State*, No. 02-09-00192-CR, 2010 Tex. App. LEXIS 9234, at *20-22 (Tex. App.—Fort Worth Nov. 18, 2010, pet. ref'd) (mem. op., not designated for publication) (that defendant drove toward patrol car after its overhead lights were engaged and continued to flee is sufficient evidence of an offense).

Appellant contends that because there was no direct, positive identification that he was the driver at the crash site, there was insufficient evidence of identity. However, although Officer Smothermon could not identify Appellant at the crash site, a dog trained in tracking suspects was able to locate Appellant hiding beneath a derelict car within minutes after the crash inside a perimeter established by assisting officers. The dog picked up Appellant's scent where he jumped the chain-link fence and directly tracked Appellant to his hiding place only three houses down from where he was last seen in

6

flight. Furthermore, Appellant was in custody within minutes after the person fleeing was thrown from his motorcycle, onto hard pavement, and at the time of his arrest, he was complaining of bodily injuries consistent with such an accident. He also had five outstanding warrants for his arrest when he fled, providing an apparent motive to flee.

Thus, considering all the evidence in a light most favorable to the verdict, a rational jury could have found that Appellant was the motorcycle driver beyond a reasonable doubt given the circumstantial evidence of his identity and all the reasonable inferences to be drawn therefrom. *See Balderas*, 517 S.W.3d at 766. Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.